COMMONWEALTH *vs.* ROBERT PHILPOT.

Middlesex.    Nov. 22. — Dec. 27, 1880.    LORD & SOULE, JJ., absent.

An indictment on the Gen. Sts. c. 160, § 28, alleged that A., at a time and place named, "feloniously and maliciously did verbally threaten one B., in a certain conversation which the said A. then and there had of, with and concerning the said B., to accuse said B. of having theretofore committed the crime of attempting to obtain money from him, said A., by false pretences, to wit, by falsely pretending and representing to him, said A., that certain coal theretofore sold and delivered by weight by said B. to said A. was of greater weight than its actual weight, with the intent of him, said B., thereby then and there falsely and fraudulently to obtain payment for a quantity of coal greater than that actually sold and delivered as aforesaid, with the intent of him said A. thereby then and there feloniously to extort from him, said B., a certain sum of money," &c. *Held*, that the word "feloniously" might be rejected as surplusage; and that the indictment set forth the offence charged with substantial certainty and precision.

INDICTMENT alleging that the defendant on July 25, 1879, at Malden, "with force and arms, feloniously and maliciously did verbally threaten one Leonard C. Gatcomb, in a certain conversation which the said Robert Philpot then and there had of, with and concerning the said Leonard C. Gatcomb, to accuse said Leonard C. Gatcomb of having theretofore committed the crime of attempting to obtain money from him, said Robert Philpot, by false pretences, to wit, by falsely pretending and representing to him said Robert Philpot that certain coal theretofore sold and delivered by weight by said Leonard C. Gatcomb to said Robert Philpot was of a greater weight than its actual weight, with the intent of him, said Leonard C. Gatcomb, thereby then and there falsely and fraudulently to obtain payment for a quantity of coal greater than that actually sold and delivered as aforesaid, with the intent of him, said Robert Philpot, thereby then and there feloniously to extort from him, said Leonard C. Gatcomb, a certain sum of money, to wit, the sum of five hundred dollars, against the peace of said Commonwealth and contrary to the form of the statute in such case made and provided."

In the Superior Court, before the jury were empanelled, the defendant moved to quash the indictment: "1. Because there is no criminal offence charged in said indictment with sufficient legal accuracy and correctness.    2. Because said indictment does not legally and accurately charge the said defendant of having

threatened to accuse the said Leonard C. Gatcomb of any crimi-
nal offence for the purpose of extorting money from him, the
said Gatcomb. 3. Because the act or thing which it is alleged
that the defendant threatened to accuse said Leonard C. Gat-
comb of having done, constitutes no crime under the laws of this
Commonwealth. 4. Because it is not alleged that the defend-
ant threatened to accuse said Gatcomb with having done any
overt act in the perpetration of the alleged attempted crime."

This motion was overruled. The defendant was then tried,
and found guilty. A motion in arrest of judgment was filed for
the same reasons assigned in the motion to quash. This motion
was also overruled; and the defendant appealed to this court.

*E. A. Upton*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

ENDICOTT, J. This indictment is drawn under the Gen. Sts.
c. 160, § 28; and it is contended that, in alleging that the acts of
the defendant were done "feloniously," the indictment charges
the defendant with a felony. It is sufficient answer to this
objection to say that the word " feloniously " may be rejected as
surplusage. *Commonwealth* v. *Squire*, 1 Met. 258. The remain-
ing allegations set out the offence charged with substantial cer-
tainty and precision. *Commonwealth* v. *Randall*, 4 Gray, 36.

It is also urged that the indictment does not set out with tech-
nical accuracy the crime of which the defendant is alleged to
have threatened to accuse Gatcomb; but this is not necessary.
In *Commonwealth* v. *Murphy*, 12 Allen, 449, the defendant was
indicted under this statute; and it was said by the court, that
" a defendant is entitled to a full, formal and substantial de-
scription of his offence. This is furnished when the indictment
sets out, as in the case at bar, the exact words used by the
defendant. If these clearly import a threat of accusation of
crime, and they are duly alleged to have been uttered with the
unlawful intent to extort money, or otherwise to injure another,
according to the requirements of the statute, the offence charged
on the defendant is fully described, without further allegation or
averment." In the case at bar, the words used by the defend-
ant are not set out, but their substance is stated with sufficient
certainty to comply with the provisions of the statute, and to
inform the defendant of the charge against him.

                                        *Judgment affirmed.*