No. 9826.

## THE STATE *v.* HAMMOND.

CRIMINAL LAW.—*Blackmailing.*—The statute against blackmailing (R. S. 1881, section 1926,) does not embrace the case of a threat to accuse of crime, made by letter, for the purpose of inducing the payment of money justly due; and, where the letter claims that it is a just debt which is demanded, the indictment will be bad unless it traverse that fact.

From the Huntington Circuit Court.

The State v. Hammond.

*D. P. Baldwin*, Attorney General, *C. W. Watkins*, Prosecuting Attorney, for the State.

*J. B. Kenner* and *J. I. Dille*, for appellee.

WORDEN, J.—Information against the appellee, based upon affidavit, charging that "one Nathan Hammond, on the 3d day of November, 1881, at the county of Huntington and State of Indiana, did then and there unlawfully, feloniously and knowingly send a certain written communication, with the name of the said Nathan Hammond subscribed thereto, to one Alfred H. Wintrode, and did then and there thereby accuse and threaten him, the said Alfred H. Wintrode, to accuse him, the said Alfred H. Wintrode, of the crime of having obtained money from him, the said Nathan Hammond, through false pretences, which said written communication was in these words, that is to say: 'Dora, Ind., Nov. 3rd, 1881. 'Mr. Alfred Wintroad—Sir: I want you to pay me that money that you got to go to California on in ten days from this date, as I am prepared to prove that you got it under false pretences, for I can prove by a man that saw you have the money, that you had. other money before you left here that you could of used to go on, also the 70 dollars that you got in California. I can prove a pine blank that you had the money or a check for money at the very time you got it, and Mr. Bryant says he had no arrangement to send you any money, and that you got that under false pretence. Now if you do not make arrangements to settle it in ten days I propose to prosecute you to the full extent of the law for obtaining money under false pretences to defraud me, you can settle it by giving your note with good security payable in ninety days with interest from the date of the receipt of the money, if you do not you will find yourself in a very close place as it is a penitentiary crime. I have three of the best council that can be got in Wabash and Huntington. Yours, Nathan Hammond.' Such written communication was enclosed in an envelope

and addressed thus : 'Mr A. H. Wintroad, Huntington, Indiana,' and was mailed at and in the post-office Dora, at and in Dora, Wabash county, Indiana, and was received by the said Alfred H. Wintrode in the ordinary course of mail at the post-office Huntington, Huntington county, Indiana; and which charge and charges and accusations so made in such written communication, which, if true, would constitute a crime punishable by law, which crime so charged and accusation so made was to and of the said Alfred H. Wintrode, and the Alfred Wintroad so accused in said written communication is the same as Alfred H. Wintrode, and the said Nathan Hammond intended and meant to accuse and did accuse Alfred H. Wintrode in his communication addressed to Alfred Wintroad, with intent then and thereby feloniously, unlawfully and knowingly to extort and gain from him, the said Alfred H. Wintrode, the sum of one hundred dollars in lawful current money of the United States." There were further allegations intended to show the right to put the defendant on trial upon affidavit and information, which need not be noticed.

On motion of the defendant, the information was quashed and he was discharged. The State excepted. Error is assigned here upon the ruling below.

The proceedings were founded upon section 1926, R. S. 1881, which provides as follows : " Whoever, either verbally or by any letter or writing or any written or printed communication, demands of any person, with menaces of personal injury, any chattel, money, or other valuable security ; or whoever accuses or threatens to accuse, or knowingly sends or delivers any letter or writing or any written or printed communication, with or without a name subscribed thereto, or signed with a fictitious name ; or with any letter, mark, or designation, accusing or threatening to accuse any person of any crime punishable by law, or of any immoral conduct, which, if true, would tend to degrade and disgrace such person, or in any way to subject him to the ridicule or contempt of society ; or to do any injury to the person or property of any one, with intent to extort or gain

from such person any chattel, money, or valuable security, or any pecuniary advantage whatsoever; or with any intent to compel the person threatened to do any act against his will, with the intent aforesaid,—is guilty of blackmailing, and shall, on conviction thereof, be imprisoned in the State prison for not more than five years nor less than one year, to which may be added a fine not exceeding one thousand dollars.

It may be fairly inferred from the letter sent by the defendant to Wintrode, that the latter was indebted to him for the money mentioned, and that the object of the defendant was merely to obtain or secure the repayment of it. The existence of such indebtedness is not negatived in the information.

The question arises, then, whether the statute applies to such case.

We are of opinion that a threat to prosecute for an alleged or supposed offence connected with the creation of a debt, where the object of the threat is merely to secure the payment of the debt due from the person threatened to the person making the threat, does not come within the spirit or purpose of the statute.

The authorities upon the point are not abundant, but the view we have taken is sustained by the case of *The People* v. *Griffin*, 2 Barb. 427. See, also, as bearing remotely upon the question, the case of *Brabham* v. *The State*, 18 Ohio St. 485.

No error was committed in quashing the information.

The judgment below is affirmed.