ROBERT DUNN, PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Sale of lottery policies — what is a sufficient description of the offense — joinder in an indictment of several misdemeanors punishable in different ways — a general verdict cannot be rendered upon it.*

Section 2 of chapter 504 of 1851, as amended by chapter 214 of 1855, provides that any person who shall, among other things, "sell or vend what are commonly known as, or are called lottery policies," shall be taken and held to be a common gambler, and be punished as therein provided.

*Held*, that an indictment charging the accused with unlawfully and knowingly vending and selling a certain paper instrument and writing, commonly called a lottery policy, which was then in terms set out, was sufficient; that it was not necessary that the nature of the lottery or the manner in which its objects were to be promoted should be described.

Where two different misdemeanors, one of which is punishable by fine and imprisonment, and the other by fine only, are set out in different counts of an indictment, it is error for the court to charge the jury that a general verdict may be rendered thereon; and to impose a sentence of both fine and imprisonment under a general verdict of guilty so rendered. (DAVIS, P. J., dissenting.)

WRIT OF ERROR to the Court of General Sessions of the city and county of New York, to review the conviction and sentence of the plaintiff in error upon an indictment.

*Peter Mitchell*, for the plaintiff in error.

*John McKeon*, for the defendants in error.

DANIELS, J.:

The indictment against the prisoner was presented in the Court of General Sessions in January, 1881. It contained five counts.

The first three appear to have been predicated upon one section of the statute, and the other two under another and different section of the same statute.

By two of the three counts he was charged with unlawfully and knowingly vending, selling, bartering, furnishing and supplying to one Godfrey Q. Leake, and procuring and causing to be procured for him, a certain paper instrument and writing, commonly called

a lottery policy, which was then in terms set out. By the second count he was charged with selling to and procuring lottery policies for divers persons whose names were to the jurors unknown, and a more particular description of which was alleged to be unknown to them. It has been objected that these counts were defective because of the omission to describe the nature of the lottery or the manner in which its objects were to be promoted. And the cases of *The People* v. *Taylor* (3 Denio, 91), and *The People* v. *Payne* (Id., 88), are relied upon as sustaining this position. But as they were decided under the provisions and effect of another statute which the indictment failed to comply with, they are not entitled to be followed as authority in this case. These counts of the indictment were presented under the authority of a statute making it an offense for any person to sell or vend what are commonly known as, or are called lottery policies. (2 R. S. [6th ed.], 920, § 41.) This provision is unqualified and dependent on nothing further than the selling or vending of the policy to create the offense mentioned in it. And these counts of the indictment contained all the facts which by the terms of the statute have been required to constitute the offense. For that reason they are sufficient under the general rule of practice prevailing upon this subject. (*Wood* v. *People*, 53 N. Y., 511, 514.)

So far as these counts were concerned they each presented a case punishable within the provisions of this section of the statute.

The fourth and fifth counts of the indictment also contained all the averments required to create the offenses mentioned in them. But they were presented under the section immediately preceding the one which has already been mentioned. These offenses were distinct and different in their character from the others, arising under independent and disconnected provisions of the statute.

Those averred in the first three counts of the indictment were made punishable by not less than ten days' hard labor in the penitentiary, or not more than two years' hard labor in the State prison, and a fine not exceeding the sum of one thousand dollars. While the offenses mentioned in the fourth and fifth counts of the indictment were punishable alone by a fine, which could not be less than fifty nor more than five hundred dollars. There is nothing in either section of the statute declaring either of these offenses to be

a felony, and it results from that omission that they are of no higher grade than that of misdemeanors; and if both classes had been made punishable either by fine alone, or by fine and imprisonment, no objection could be made against including both classes of offenses within the same indictment under the practice existing at the time when it was found by the grand jury, for at that time the law allowed different misdemeanors to be joined in the same indictment. (*People v. Costello*, 1 Denio, 83.) And where the criminal act intended to be charged consists of two or more different degrees dependent upon the same transaction, as it might be made to appear by the evidence, counts alleging those degrees could likewise properly be included in one indictment. (*People v. Rynders*, 12 Wend., 427; *Harman v. Com.*, 12 Sergt. & Rawle, 69.)

But including these different offenses in this indictment was not sanctioned by either of these authorities, for the crime set forth in the fourth and fifth counts in no manner grew out of or formed any degree of the offenses set forth in the first three counts; and as they were not punishable in the same manner they could not regularly be included in the same indictment under the rule, otherwise, allowing different misdemeanors to be included in the same indictment.

The joinder of these offenses did not, however, necessarily invalidate the entire indictment; but under the practice which has been sanctioned and followed in such cases by the authorities the jury should have been restricted in their power to find a verdict of guilty to one or the other class of these offenses.

That practice was held to be the proper course to pursue in *Regina v. Jones* (8 Carr. & Payne, 776) and *Rex v. Gough* (1 Moody & R., 71). An indictment of a similar nature in this respect was considered in the case of the *United States v. Stetson* (3 Wood & M., 164). But as the verdict of guilty was rendered only upon one count the joinder of the different offenses was considered as presenting no legal obstacle in the way of sustaining the conviction.

In *Regina v. Jones* (2 Moody C. C., 94) the conviction was limited to the felony charged in one count of the indictment, and for that reason it was sustained, although by another count the prisoner was also charged with a misdemeanor. In *Regina v. Ferguson* (6 Cox C. C., 454) the same course was pursued, and that was considered a complete answer to the objection that the indictment

included different offenses not punishable alike. The only authority adverse to this principle which has been found is that of *State* v. *Nelson* (14 Richardson, 169). But that is directly in conflict with the preceding decision of the same court made in *State* v. *Montague* (2 McCord, 257) as well as with the other authorities already mentioned. In the last case the accused had been tried and convicted upon an indictment of this nature, and that was held to be improper and without the sanction of legal authority.

The same conclusion is sustained by *Nowell* v. *State* (50 Ala., 174). But the principle there was clearly misapplied, for the prisoner had been tried only upon one count, the other having previously been *nolle prossed.*

While, therefore, this indictment was not rendered positively bad by including these different and distinct criminal charges in it, still the accused could not lawfully be placed upon his trial at the same time upon all of them.

When the trial was commenced the fourth count was withdrawn by the public prosecutor, and it then proceeded upon all the other counts contained in the indictment; and under the allegations contained in them the prisoner was tried at the same time for offenses for which he could be both fined and imprisoned, and for an offense for which he could not be imprisoned, but the punishment was limited to the imposition of a fine, and that under the authorities was an unlawful proceeding.

When the evidence was closed various objections were presented to it upon which the court was requested to rule for the purpose of defining and declaring the manner in which the case would be submitted to the jury. In concluding the consideration of these objections it was stated by the judge that the verdict might be on any one or on all four counts of the indictment, and that the charge would be no different as to the fifth count than the court then intended to give to the jury ; and to this latter statement an exception was taken by the prisoner's counsel.

In accordance with this announcement the court did charge the jury that they had the right to convict the defendant under all or any one of the four counts of this indictment. And the jury appear to have followed that exercise of authority by rendering a general verdict of guilty.

The exception, although informally taken, was applicable to this general direction given by the court. The same strictness in taking exceptions is not required to be observed in criminal as in civil cases. It is enough that the point shall be brought to the attention of the court, although that may be informally done, to entitle the prisoner to the benefit of the exception where that appears to be well founded in law. This was an erroneous direction, and as the court refused to direct the jury otherwise the exception should be allowed to have the effect of bringing this ruling before the court for examination. As the law stood when the indictment was presented and the trial took place the prisoner could not be tried at the same time for these distinct and differently punishable offenses. But it was the duty of the court to require the jury in their verdict of guilty to limit it either to the last count, or one or all of the first three counts of the indictment. By failing to do that a substantial legal right of the prisoner was violated, for he was tried and convicted of different and distinct offenses which the law had not rendered punishable in the same manner.

After the conviction the defendant was sentenced to imprisonment in the penitentiary at hard labor for the period of six months and fined the sum of $1,000.

The punishment imposed was general in its character, and the fine, while not exceeding the sum limited by the statute, may still very well have related to and included all the offenses for which the verdict had been pronounced.

As there was no discrimination whatever in the sentence this would be the fair construction required to be given to its terms. It appears, therefore, that the prisoner was not only improperly tried but that the error probably extended itself into the punishment imposed upon him by the court.

Neither the judgment in the case nor the conviction can be sustained. They should, therefore, be set aside and a new trial directed when the investigation may be limited to either the first three or the last two counts contained in the indictment.

BRADY, J. :

The plaintiff in error was indicted under a statute entitled "an act more effectually to suppress gambling," passed in April, 1851

(see laws of that year, chap. 504), and amended by the act of 1855. (See laws of that year, chap. 214.) By section 2 it was provided that if any person, for gambling purposes, should keep or exhibit any gambling table, establishment, device or apparatus; or if any person or persons should be guilty of dealing faro or banking for others to deal faro, or of acting as lookout or game-keeper for the game of faro, or any other banking game where money or property is dependent on the result; or if any person should sell or vend what are commonly known as, or are called lottery policies, or any writing, card, paper or document in the nature of a bet, wager or insurance upon a drawing or drawn number of any public or private lottery, or if any person should indorse a ticket or other document for the purpose of enabling others to sell or vend lottery policies, he should be taken and held as a common gambler, and upon conviction should be sentenced to not less than ten days' hard labor in the penitentiary, nor more than two years' hard labor in the State prison, and be fined in any sum not more than $1,000.

By the first section it was provided that if any person should keep a room, building, arbor, booth, shed, tenement, boat or float to be used or occupied for gambling, or if the owner, superintendent or agent of any room, building, arbor, booth, shed, tenement, boat or float should rent the same to be used or occupied for gambling, he should, on conviction thereof, be fined in any sum not less than fifty nor more than $500.

Three counts of the indictment were adapted to the second section referred to, and the fifth count was drawn under the first section. The fourth count was abandoned. The difference between the two offenses is quite distinct. One is for permitting a room to be used or occupied for gambling, and the other for keeping or exhibiting a table for gambling purposes, etc. The distinction is made between the actual use of gambling apparatus, etc., by the offender, and his letting or permitting its use by another.

Where the offense charged, therefore, is for selling or vending what are commonly known as lottery policies, or any writing, card, etc., particularly mentioned in the statute, the punishment is entirely different. Under the second section, as we have seen, the punishment could be by imprisonment in the State prison and a fine of $1,000; or it may be by imprisonment in the penitentiary·

and a fine of not more than $1,000. Whilst under the first section upon conviction the offender can only be fined in a sum not less than fifty nor more than $500, and thus the distinction mentioned is continued.

Upon the commencement of the trial the counsel for the prisoner objected to any evidence being given to sustain the averments in the first count or declaration, assigning the grounds, and amongst others, that the indictment was bad because it contained two separate and distinct offenses charged against the defendant, as would more particularly appear by an examination of the first and fifth counts; the former being punishable by imprisonment in the State prison for a term of two years and a fine of $1,000, whereas the punishment upon conviction on the fifth count was by a fine of not more than $500. This proposition was overruled and an exception taken.

In submitting the case to the jury the learned recorder, immediately after charging the benefit of a doubt in favor of the plaintiff in error, said:

"On the other hand, if you have no reasonable doubt as to his guilt, it is your duty to render a verdict against him on whichever count, or on all the counts of the indictment which have been submitted to you, as you think the evidence warrants."

The jury rendered a general verdict of guilty, and the plaintiff in error was thereupon sentenced to imprisonment in the penitentiary at hard labor for six months, and fined in the sum of $1,000.

The counsel for the plaintiff in error requested the court to charge that the jury, if they should believe the plaintiff in error guilty on any count charged in the indictment, and entertained a doubt as to which count they should convict on, should find him guilty of the lesser offense, which was the fifth count; to which the court responded:

"I am going to charge the jury that the verdict may be on any one, or on all four counts of the indictment." And the counsel for the plaintiff in error then said:

"There are two offenses charged in the indictment. If the jury have any doubt as to which offense they should convict of, the verdict should be for the lesser one, to wit, on the fifth count in the indictment." To which the court replied: "You want me to charge

that they ought to convict him." The counsel for the prisoner then said : "No ; if they should have a doubt as to the degree of crime they should convict of, they should give the prisoner the benefit of the doubt, and find him guilty of the lesser offense charged in the indictment, to wit, on the fifth count." And the court answered : "No ; I refuse to charge, except as I will charge in reference to the fifth count." To which the counsel for the plaintiff in error duly excepted. Several other exceptions were taken in regard to decisions rendered on motions made in the course of the trial in relation to the various counts of the indictment, which, in the view taken of this appeal, it is not deemed necessary to consider.

The counsel for the plaintiff in error seems to have been much impressed and engrossed with the impropriety of uniting counts under the statute for the commission of different offenses, but does not seem to have adopted the proper mode of presenting to the court the precise question involved. He seems to have been carried away by the conviction that the counts of the indictment under the second section (supra) were insufficient, in substance, and to have omitted to demand an election by the district attorney of the offenses charged, assuming the union of them to be correct as springing from the same statute on which his client should be tried. But by objecting to any evidence being given under the indictment as he did, because it embraced two offenses for which very different punishment was declared, he seems to have done enough to protect him. He had called the attention of the court to the distinction between the two sections of the statute under which the counts were drawn, and to the difference in punishment, and had taken an exception to the determination of the court to proceed with the trial upon the indictment as it stood. Under all the circumstances, therefore, it seems to be quite clear that it was the duty of the court to have instructed the jury at all events, that if the conviction was under the fifth count, which was framed as already suggested under the first section of the statute, they should so state, inasmuch as the punishment for that offense as we have already seen would be by fine not exceeding $500.

There can be no doubt of the validity of an indictment charging several misdemeanors if the judgment upon each be the same. (Barb. Crim. Cases, 337, 340, and cases cited ; Roscoe's Crim. Ev.,

190; *People* v. *Rynders*, 12 Wend., 426; 2 R. S., 728; Colby's Crim. Law, 121, 122; see, also, *People* v. *Liscomb*, 60 N. Y., 579.) But if the legal judgment on different counts in an indictment be materially different, as if one were for felony and another for misdemeanor, the joinder would be bad on demurrer, or arrest of judgment or error, although the objection might be cured by taking a verdict on the counts only which could be joined. (Barb. Crim. Treatise, 340, and cases cited; see, also, *People* v. *Costello*, 1 Denio, 83; *People* v. *Wright*, 9 Wend., 193.)

The charges made against the plaintiff in error were of misdemeanors, a proposition which seems to be conclusively established by the decision of the Court of Appeals in the case of *Fassett* v. *Smith* (23 N. Y., 252). It is decided by that adjudication that the provision of the statute which declares that the term felony used in the act or any other statute shall be construed to mean an offense for which the offender on conviction shall be liable by law to be punished by death, or by imprisonment in the State prison, is a statutory definition of the term felony only when used in the statute relating to the offense mentioned or described. In accordance with this view it was held that as the term felony was not used in the statute relating to false pretenses that offense did not amount to a felony. The statute of 1851, as amended *supra*, although it provides, as we have shown, for punishment by imprisonment in the State prison, does not contain the word *felony*. The punishment in the State prison, as in the case of false pretenses, rests in the discretion of the court before whom the offender is tried. The offenses charged, as already suggested, therefore, were misdemeanors; but they were punishable in different modes, one by fine only and the other by fine and imprisonment.

It was said in *People* v. *Liscomb* (*supra*) that a prisoner convicted of several misdemeanors, for which different penalties were prescribed, might be flogged for one, fined for a second and imprisoned for a third.

The punishment for the different offenses charged in the indictment therefore being different, the direction of the learned recorder that a general verdict might be rendered was incorrect. The jury under such instructions might have found the plaintiff in error guilty of the offense charged in the fifth count, and yet pro-

nounced a general verdict, or *vice versa;* and, as we have seen, sufficient had been done by the counsel for the plaintiff in error to exact an election of the offenses or specific instructions in relation to the offenses for which the prisoner was to be tried.

The case of the *People* v. *Borges* (6 Abb. Pr., 132) is an authority for the sufficiency of the indictments in this case, relating as it does to the statutes against gaming, etc., under consideration; but in reference to the grade of the offense the case cited in 23 New York (*supra*) is conclusive.

For these reasons the judgment must be reversed and a new trial ordered.

DAVIS, P. J. (dissenting):

I do not concur in the views of my Brother BRADY or in the result reached by him. I think the several counts of the indictment were properly united. They were all for misdemeanors created by and punishable under the same statute. No question was properly raised at the trial as to the question of their joinder in one indictment.

The fact that the punishment for each is not identical, is not an important one, so far as the question of pleading is concerned, and only material after a conviction upon one or more of the several counts. But where the conviction is general, of guilty under all the counts, that question ceases to be of any significance if but a single sentence is imposed, even within the much overruled and now universally discarded case of *People* v. *Liscomb*. A general conviction justified the judgment pronounced in this case, and there is no occasion, in my judgment, to interfere with the conviction or judgment.

I think the judgment should be affirmed.

Judgment reversed and new trial ordered.