THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANDREW J. WIGHTMAN, Appellant.

To sustain a conviction under the Penal Code (§ 558), for sending a threatening letter, it is not essential that the threat on its face be to do an illegal act. An accusation in writing of an act involving moral turpitude, known by the writer to be false, accompanied with a suggestion that legal proceedings will be taken, unless the person against whom it is made purchase silence, may be a threat within the statute, although, in form, the accused is only called upon to render satisfaction for that which, if the charge was true, would entitle the accuser to pecuniary compensation.

An indictment charged, in substance, and the evidence justified a finding that defendant and others, with intent to extort money from the prose-

cutor, sent to him a letter, well knowing its contents, falsely accusing him of having had sexual intercourse with M., an unmarried female, resulting in pregnancy. The letter was set forth in the indictment, it purported to have been written by one of the accused, an attorney, and was addressed to the prosecutor. It alleged that the writer had been informed by M. of the fact of such intercourse and its results, and after referring to the liability in such case for the support of the child and the mother's expenses during her sickness, concluded thus, "are you willing to make suitable provision for such liability and thereby avoid publicity, or will it be necessary to take legal steps in the matter." *Held*, that the indictment was good in substance, and the evidence justified a conviction.

(Submitted February 10, 1887 ; decided March 1, 1887.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 22, 1887, which affirmed a judgment of the Court of Oyer and Terminer in and for the city and county of New York, entered upon a verdict convicting the defendant of the crime of blackmail.

The material facts are stated in the opinion.

*T. W. Tyng* for appellant. To convict a defendant of this crime it is necessary to aver and prove that the letter or writing threatened to do one or the other of the four acts specified in section 558 of the Penal Code ; that the defendant knew the contents of the letter or writing ; that he sent it, or caused it to be forwarded or received, with the intent by means thereof to extort or gain money. Everything else is surplusage. (*People* v. *Thompson*, 97 N. Y. 313.) If the record be found ambiguous, the construction most favorable to the appellant should be given. (*Bonnell* v. *Griswold*, 89 N. Y. 122.) An indictment can charge but one crime and in one form, except as provided in section 279 ; and this section only allows different crimes to be charged in the same indictment when they are founded upon the same acts. (Code Crim. Pro., § 278.)

*McKenzie Semple* for respondent. If an indictment alleges that a letter, whose language as set forth was meant to convey

a particular threat, the indictment must be deemed good pleading and the question as to whether the letter does or does not convey the alleged threat cannot be decided upon demurrer, but must be referred to the jury. (*People* v. *Thompson*, 97 N. Y. 313; *Reg.* v. *Hendy*, 4 Cox Cr. Cas. 243; *Reg.* v. *Smith*, 2 Carr. & Kir. [61 E. C. L. R.] 882; *Rex* v. *Tucker*, 1 Moody, 134; *Reg.* v. *Cooper*, 3 Cox Cr. Cas. 547; Bishop's Crim. Pro., §§ 1228, 1229; Wharton on Crim. Law, § 1665; Deste's Crim. Law, § 142 J, notes 13, 14.) Whether a letter is a threatening letter is a question of fact for the jury. (*Reg.* v. *Hendy*, 4 Cox Cr. Cas. 243; *Reg.* v. *Smith*, 2 Carr. & Kir. [61 E. C. L. R.] 882; *Rex* v. *Tucker*, 1 Moody, 134; *Reg.* v. *Cooper*, 3 Cox Cr. Cas. 547.)

ANDREWS, J. Omitting the superfluous words in the indictment, it charges, among other things, in substance, that the defendant and others, well knowing the contents of the letter and with intent to extort money from the prosecutor, did, on a day and at a place mentioned in the indictment, feloniously send and cause to be forwarded to, and received by the prosecutor, the letter set out in the indictment, threatening to expose him to disgrace by falsely and publicly accusing him of having had sexual intercourse with one May A. Thatcher, an unmarried female, resulting in her pregnancy of a child likely to be born a bastard. The letter set out in the indictment purports to have been written by one of the co-defendants, an attorney-at-law, in behalf of May A. Thatcher, and was addressed to the prosecutor. The letter, after stating that the writer had been informed by May A. Thatcher that there had been sexual intercourse between her and the prosecutor and that she was with child by him, proceeds as follows: "I suppose you are aware that under these conditions you are liable for the support of the child and the mother's expenses during her sickness. Are you willing to make suitable provision for such liability and thereby avoid publicity, or will it

be necessary to take legal steps in the matter." The defendant was tried and convicted. The evidence is not contained in the record. The bill of exceptions states that the people, to maintain the issue on their part, introduced evidence tending to prove the acts charged in the first five counts of the indictment. It must be assumed, therefore, that the evidence justified the jury in finding that the defendant knowingly sent a letter to the prosecutor, falsely charging him with having had illicit intercourse with May A. Thatcher, resulting in pregnancy, and that it was sent for the purpose of extortion. It is claimed on behalf of the defendant, that, to support a conviction under section 558 of the Penal Code, for sending a threatening letter, the letter complained of must not only in itself contain a threat, but it must on its face be a threat to do an illegal thing. It is doubtless true that a demand for indemnity for a wrong, made in good faith, accompanied by a suggestion that legal proceedings will be resorted to unless satisfaction is voluntarily made, is not a threat within the statute, although the wrong is one the disclosure of which would bring disgrace upon the guilty party. But if the party making the demand knows that he has suffered no wrong, a threat to prosecute, unless settlement is made, might, we conceive, bring the case within the statute, although on the face of the letter the party writing it might seem to be asserting only his legal rights. In other words, a false accusation in writing of an act involving moral turpitude, known by the party making it to be false, accompanied with a suggestion that legal proceedings will be taken unless the person against whom it is made purchases silence, may be a threat within the statute, although in form the accused is simply called upon to render satisfaction for that which, if the charge was true, would entitle the accuser to pecuniary compensation. The mere form in which the threat is made is not decisive. The letter in this case distinctly intimated that legal proceedings would be taken to enforce the liability unless the prosecutor made voluntary provision for the mother and child, and he is asked whether he is willing to do this to *avoid*

*publicity*. The averment in the indictment that the defendant, for the purpose of extorting money from the prosecutor, threatened to expose him to disgrace by falsely charging him with the criminal acts stated, fairly implies that defendant knew the charge contained in the letter was false, and the admission in the record that evidence was given tending to prove the acts charged in the indictment must have been intended to cover not merely the bare act of sending the letter, but the circumstances averred in connection with the act, that is that it was a scheme to extort money by making a false charge.

We think the indictment was good in substance, and that the conviction should be affirmed. (See *People* v. *Thompson*, 97 N. Y. 313; *Reg.* v. *Hendy*, 4 Cox Cr. C. 243; *Rex* v. *Tucker*, 1 Moody, 134.)

All concur.

Judgment affirmed.