State of Missouri, Respondent, v. Joseph H. Barr
and Joseph B. Widen, Appellants.

St. Louis Court of Appeals, November 22, 1887.

1. Misdemeanors — Threatening Letters — Statute Construed.
The sending of a letter threatening to publish a person's name
in a "dead-beat" book, the effect of which will be ruinous to his
credit, etc., is not an offence under section 1526, of the Revised
Statutes.

2. ——— Property.—Credit and reputation are not property within
the meaning of this statute.

Appeal from the St. Louis Court of Criminal
Correction, E. A. Noonan, Judge.

*Reversed and the defendants discharged.*

J. J. Laughlin and Martin, Laughlin & Kern,
for the appellants.

A. R. Claiborne and Edmond A. B. Garesché,
for the respondent,

Thompson, J., delivered the opinion of the court.

This is an appeal from a conviction under an infor-
mation charging that the defendants did, on a date
named, "unlawfully and knowingly send and deliver a
certain letter and writing to one Mrs. Alfred H. Spink,
threatening to do an injury to the property of said Mrs.
A. H. Spink, to-wit, to destroy the credit of Mrs. A.
H. Spink," and then setting out the letter *in haec verba.*
The letter contains the following threat: "Your name
will be published in the dead-beat book and reported as
a delinquent to every retail and wholesale merchant in
this city, besides being continually dunned, not only by
their collectors, but by their notorious open postal notices

of your delinquency, the effect of which will be utterly ruinous to your credit."

It is obvious that an attempt has been made to draw the information under section 1526, of the Revised Statutes, which provides as follows: "Every person who shall knowingly send or deliver any letter or writing, with or without a name subscribed thereto, or signed with a fictitious name, or any letter or mark, threatening to accuse any person of crime, or to kill, maim, or wound any person, or to do any injury to the person or property of another, though no money or property be demanded or extorted thereby, shall, on conviction, be adjudged guilty of a misdemeanor." This section does not extend to the sending of letters which threaten injury to the reputation, unless, as the draftsman of the information supposed, and as the state contends, reputation is "property" within the meaning of this statute. Penal statutes are construed strictly, and the words employed in them are never extended beyond their ordinary signification in order to embrace new offences. Besides, section 1682, of another article of the chapter relating to crimes and criminal procedure, defines the word "property" as follows: "The term 'property,' as used in this statute, includes 'personal property' and 'real property,' or 'real estate,' as defined in the last two sections." The two preceding sections read as follows: "The term 'personal property,' as used in this law, shall be construed to mean goods, chattels, effects, evidences of rights in action, and all written instruments by which any pecuniary obligation, or any right of title to property, real or personal, shall be created, acknowledged, assigned, transferred, increased, defeated, discharged, or diminished." Rev. Stat., sect. 1680. "The term 'real property,' or 'real estate,' as used in this statute, includes every estate, interest, and right in lands, tenements, and hereditaments." Rev. Stat., sect. 1681. These definitions show that reputation is not included in the word "property," as used in section 1526, and that

the legislature did not intend to make the sending of letters, threatening defamation merely, an indictable offence.

All the judges concurring, the judgment will be reversed, and the defendants discharged.