# THE

# NEW YORK CRIMINAL REPORTS.

SUPREME COURT—APP. DIVISION—FIRST DEPARTMENT,

Jan. 25, 1907.

## THE PEOPLE *v.* VINCENT TRISCOLI.

(117 App. Div. 120.)

BLACKMAIL.

> In a prosecution for sending threatening letters in violation of section 558 of the Penal Code, it appeared that the complaining witness had received two letters from a society called the "Black Hand," demanding payment of $500, in default of which he and his family would be destroyed. The complaining witness testified that the defendant had called on him and demanded the payment of the money in compliance with the letters. On the whole evidence *Held*, that a judgment of conviction should be affirmed.

APPEAL by the defendant, Vincent Triscoli, from a judgment of the Court of General Sessions of the Peace in and for the county of New York, rendered on the 29th day of August, 1906, convicting him of the crime of blackmail, and also from an order entered in the office of the clerk of said court on the 7th day of September, 1906, denying the defendant's motion for a new trial.

*Edward McKinley,* for the appellant.

*E. Crosby Kindleberger,* for the respondent.

1

INGRAHAM, J.:

The defendant was convicted of a violation of section 558 of the Penal Code. That section provides that "a person who, knowing the contents thereof, and with intent, by means thereof, to extort or gain any money or other property, or to do, abet, or procure any illegal or wrongful act, sends, delivers, or in any manner causes to be forwarded or received  *  *  *  any letter or writing, threatening  *  *  *  to do any injury to any person or to any property,  *  *  *  is punishable by imprisonment for not more than five years." It appeared from the evidence that one Salvatore Grasso received on May 29, 1906, a communication addressed to him, dated May 28, 1906, purporting to come from the Society of the Black Hand which stated that the society had decided his case, and that it demanded from Grasso the sum of $500; otherwise "death will be the reward, and your family will be destroyed. Consider that well, and consider our demand; otherwise you are lost, and no one could save you. Our vengeance will reach you wherever you will be, and you will all be destroyed, in the time of half an hour." This letter was signed, "We are your friends, THE BLACK HAND." Grasso not having complied with this demand, he received on the thirty-first day of May another letter, dated on that day, which referred to the former letter of the society and threatened that unless he complied with the second and last warning, his family would be destroyed. This demand not being complied with, the defendant called at Grasso's place of business and said that he wanted to speak to Grasso in secret, Grasso saying that he was in the presence of his family, and if the defendant wanted to have a confidential talk with him, he could have it right there. Whereupon the defendant said, " Have you received my letters?" Grasso said, "What letters?" to which the defendant replied, "These letters in which you were asked to pay $500." In answer, Grasso said, "I can't give you the $500 this evening; call in to-morrow and I'll

give it to you," to which the defendant said, " You will have to put down the money to-night, this evening," to which Grasso replied, " I can't do that; I can't give you the money this evening." After that the defendant stepped outside of the store, making a sign to Grasso to follow him. When Grasso went outside he called to a police officer, and the defendant ran away, but was arrested about a block away. Grasso testified as to the receipt of these letters and that these were the only letters of the kind that he had received.

The defendant was called as a witness and testified that he knew nothing about the letters; that he went to the complainant's place of business to buy a pair of shoes; that he did not send the letters or cause them to be sent, and did not ask anybody to send them; that he made no statement to the complainant about the letters and made no demand upon him; that he had money in his pocket to buy the shoes. The police officer who caused the arrest stated that he was in Second avenue; that he ran down the avenue and spoke to the complaining witness and chased the defendant about a block and a half and caught him on Fifty-first street and First avenue; that when he first saw the defendant he was about twenty-five feet from the complainant's store, running.

The question was submitted to the jury by a charge which seems to be entirely fair and to which no exception was taken; and the only exception relied on is a denial of the motion to advise the jury to acquit. I think there was evidence that justified the submission of this case to the jury. The defendant, at his interview with the complainant, asked him if he had received his letters in which $500 was demanded. The complainant had received two letters demanding $500, and no other letters of the kind were received by him. The letters being clearly within the statute, if the defendant sent them, " knowing the contents thereof, and with intent, by means thereof, to extort or gain any money or other property, or to do, abet or

procure any illegal or wrongful act," he is guilty of blackmail.

The defendant's statement to Grasso admitted that he sent the letters received by the complainant and stated that they were his letters; and the jury was, therefore, justified in finding that he knew their contents, and that he either sent, delivered or caused them to be forwarded or received by the complainant.

I think the evidence justified the conviction and that the judgment should be affirmed.

PATTERSON, P. J., McLAUGHLIN, HOUGHTON and LAMBERT, JJ., concurred.

Judgment affirmed.   Order filed.

NOTE, THREATENING LETTERS AS BLACKMAIL.   PENAL CODE SECTION 558.

The crime of extortion is a felony.   People v. Hughes, 137 N. Y. 30.

Blackmail is synonomous with "extortion."   Edsall v. Brooks, 17 Abb. Pr. 221, 226.

Threats to accuse of crime for the purpose of extorting money are offenses indictable at Common Law, (Rex v. Southerton, 6 East 126); 3 Russell on Crimes 178; Holtz Ch. J. in Reg. v. Woodward, 11 Mod. 137) and the extortion of money by threatening to accuse one of the infamous crime against nature held to be robbery in Jones alias Evans Case, 1 Leach 39; Donally's Case, 1 Leach 139; Brown's Case 2 East P. C. Ch. 16, § 130, p. 715.

It is immaterial whether the threat did or did not produce the desired effect.   State v. Bruce, 24 Me. 71.

In some jurisdictions, however, it appears that extortion and pecuniary advantage are not necessary ingredients of the crime. See State v. Youngs, 26 Iowa 122; State v. Benedict, 11 Vt. 236, 34 Am. Dec. 688, Pickens v. State, 9 Tex. App. 270.

The offense of extortion by means of threats consists in maliciously threatening to accuse one of an offense, or to injure his person or property, with intent to extort money or pecuniary advantage, or

with intent to compel him to an act against his will. Rapalje on Larceny, etc., § 485. But the offense does not include cases where the person threatened owes the person making the threat, the amount demanded. People v. Griffin, 2 Barb. 427.

It is no defense to a charge of sending for the purpose of extorting money, a letter threatening to accuse a person of a crime, that the defendant believed that the person was guilty of the crime charged. People v. Eichler, 75 Hun. 26. The threat, in a letter to extort money " to proceed against you criminally," is equivalent to a threat to accuse the person of a crime and will support a conviction under section 558. Id.

It is not essential that the threat on its face be to do an illegal act. An accusation in writing of an act involving moral turpitude, known by the writer to be false, accompanied with a suggestion that legal proceedings will be taken, unless the person against whom it is made purchase silence, may be a threat within the statute, although in form, the accused is only called upon to render satisfaction for that which, if the charge was true, would entitle the accused to pecuniary compensation. People v. Wightman, 5 N. Y. Crim. 545, 104 N. Y. 598.

A false statement that a warrant is issued to arrest a person for a crime and that it will be served unless money is paid is a threat to accuse a person of crime. Com. v. Murphy, 12 Allen (Mass.) 449.

Threatening to enter a complaint for a crime is a threat to accuse. Com. v. Carpenter, 108 Mass. 15.

Obtaining money from one under a threat to arrest, with the pretense that the threatener is a marshal, held to justify a conviction of fraudulently obtaining money by threats to do an illegal act, in Williams v. State, 13 Tex. App. 285.

A threat made for the purpose of inducing an appellant to dismiss an appeal, is a threat made with intent to extort property from another, and this whether the letter to be subscribed or not. People v. Cadman, 57 Cal. 562.

As to blackmail by attorney who sends threatening letters to a party in a civil action to compel settlement thereof. See People v. Wickes, 172 App. Div. 39.

Threatening to keep the members of a labor union from returning to work, and obtaining money from the employer under such threat is extortion. People v. Barondess, 133 N. Y. 649.

The procuring of money for another, with his consent obtained by fear induced by a threat to do or continue an unlawful injury to his property e. g. to continue a "boycott" constitutes the crime of extortion under sec. 552, 553 Penal Code. People v. Wilzoz, 4 N. Y. Crim. Rep. 403.

It is not the actual sentence but the possible one which determines the grade of the offense. People v. Borges, 6 Abb. Pr. 132.

Threatening to publish a person's name in a " deadbeat " book held not an offense under Section 1526 R. S. of Missouri. State v. Barr, 28 Mo. App. 84.

A threat to accuse another of crime, if made for the purpose of inducing payment of a just debt, is not within the statute of blackmailing. State v. Hammond, 80 Ind. 80.

It is not a crime to demand reasonable compensation for property maliciously destroyed and at the same time to threaten to accuse the offender of the crime of destroying it. Mann v. State, 47 Ohio St. 556.

It was held an offense under the postal laws of the United States to send a postal card on which was written " You owe us $1.80 long past due. We have called several times for the amount. If it is not paid at once, we shall place the same with our lawyer for collection." U. S. v. Bayle, 40 Fed. Rep. 664.

It has been held to be an offense to send a letter threatening to tar and feather one unless he quits the city. State v. Compton, 77 Wis. 460.

Under the South Carolina Act of 1791 it is swindling to obtain horses from an ignorant man by threats of a criminal prosecution, and also by threats of his life. State v. Vaughn, 1 Bax (S. Car.) 282.

In Michigan the judges were equally divided on the question whether the threatened accusation must be in a judicial tribunal. See People v. Braman, 30 Mich. 459.

In Indiana statute against blackmailing does not embrace the case of a threat to accuse of crime, made by letters, for the purpose of inducing payment of money justly due. State v. Hammond, 80 Ind. 80, 41 Am. Rep. 791.

To make out the crime of blackmailing under § 558 of the Penal Code it is not necessary to show that the threat was against the

person to whom the letter was directed, or that the writer was the one threatening to do the wrongful act. The offense may be committed by sending a letter conveying a threat of some other person, providing it is sent for the unlawful purpose mentioned in Section 558. The People v. Thompson, 2 N. Y. Crim. Rep. 520, 97 N. Y. 313.

Nor is it necessary to constitute the crime that the threat did, or should or calculated to inspire fear, and no precise form of words is required to convey the threat; it may be done by threat or innuendo. Id.

Parol proof is admissible to show that, by the language used the writer intended to make a threat to expose or impute a deformity or disgrace. People v. Gillian, 50 Hun. 35. Affd. 115 N. Y. 643.

An indictment for threatening to accuse one of committing a crime, need not set out the exact words of the defendant. Com. v. Philpot, 130 Mass. 59.

Proof of prisoner's handwriting is not sufficient evidence of the sending of a threatening letter. Rex v. Howe, 7 C. & P. 268. But when accused left a letter at a gate in the road near prosecutor's house, where it was found and handed to the prosecutor, it was held sufficient to go to the jury on the question of sending. Reg. v. Grimwade 1 C. & K. 592, 47 E. C. L. 592.

It is sufficient to prove that the prisoner sent the letter to another person with intent that such person should deliver it to the prosecutor. Rex. v. Paddle R. & R. C. C. 484; Lawson v. State, 49 Md. L. 256, 60 Am. Rep. 606.

The intent to extort, where the statute covers ground broader than that of mere extortion, must be proved. This generally appears upon the fact of the letter itself; but if not, such facts as will justify the jury in finding such unlawful intent must be proved. Evidence of the truth of the threatened accusation is not admissible in behalf of the defendant. Co. v. Buckley, 148 Mass. 27 But it may be shown in defense that the letter was sent as a practical joke. Morris v. State, 95 Ind. 73.

As to necessary averments in an indictment for threatening to accuse of a crime under the Penal Code of Ohio see Elliott v. State, 36 Ohio S. 318.

It has been held that the indictment must aver the sending of the letter and the person to whom it was sent (Reg v. Jones, 1 Den. C. C. 218, 2 C. & K. 398) who was the person threatened and

from whom the money or other property was demanded (Rex v. Dinkley R. & M. C. C. 90.) must properly describe the property demanded as obtained (Major's Case, 2 Leach 772, 2 East P. C. ch. 23, § 3, p. 1118) must aver the guilty knowledge of the sender of the letter (Girwood's case, 1 Leach 142, 2 East P. C., ch. 23, § 4, p. 1120) the malicious intent of the sender to extort money or other property, or to do an unlawful act (Landa v. State, 26 Texas App. 580; Com. v. Moulton, 108 Mass. 307; Com. v. Dorns, 108 Mass. 488; State v. Harper, 94 N. Car. 936) and the nature of the threat contained in the letter. (People v. Jones, 62 Mich. 304) but not necessarily the exact words (Com. v. Philpot, 130 Mass. 59) and the letter itself should be set out *in haec verba* in the indictment except where the necessity has been removed by statute. (People v. Rathburn, 21 Wend. 5, 33; People v. Griffin, 2 Barb. 427; Com. v. Blanding, 3 Pick. Mass. 304.)

Where threatening letters are written, and mailed, in one County and directed to and received by the person to whom they are addressed, in another County, the indictment for sending such letters should be found in the latter county. People v. Griffin, 2 Barb. 427.