[No. 10,570.—In Bank.]

## PEOPLE *v.* HARRY CADMAN.

EXTORTION — DEFINITION — PROPERTY—CRIMINAL LAW.— The right to take and prosecute an appeal is property within the meaning of § 519 of the Penal Code; and a threat made for the purpose of inducing an appellant to dismiss an appeal is a threat made with intent to extort property from another.

ID.—ID.—ID.—ID.—It is a crime to send or deliver a letter containing such threats with intent to extort property from another, whether such letter be subscribed or not.

APPEAL from a judgment in the Superior Court for the City and County of San Francisco. FERRAL, J.

*A. L. Hart,* Attorney-General, for Appellant.

*George W. Tyler,* for Respondent.

SHARPSTEIN, J.:

The information filed in this case was demurred to on the ground that the facts stated do not constitute a public offense. The demurrer was sustained, the information dismissed, and this appeal is taken on behalf of the people.

The defendant is accused by the information of having sent to one Mitchell Clune a letter which expressed and implied a threat to impute to him disgrace, and to expose the same, with

intent to extort money and property from him. The information contains what purports to be a copy of the letter so sent, which purports to have been signed by "H. Keller & Co.," and underneath the signature are the letters "H. C." crossed. It is addressed to M. Clune, and reads as follows:

"Having recently received a duly attested transcript of certain proceedings relating to yourself, taken some time ago in the 'Circuit Court, United States Middle District,' Nashville, Tenn., with affidavits of the captain of police, United States district attorney, and others, which would be ruinous to your character and testimony, either in a court of justice or in your business relations with others, we give you this opportunity of withdrawing your appeal in the case of *McIlenny* v. *Clune*, and your action *versus* Cadman and Gibson. Should you not do so, we shall have to make the knowledge in our possession known to others, and the public generally. If you comply with this suggestion within ten days, we agree to tell no one of your past career. Our only object in making this proposition is to save the trouble and expense of litigation, as the result of both actions (it is not a matter of doubt) is certain to be in our favor. This offer is only open to the 19th inst., and either ourselves or counsel must be notified if accepted."

To constitute an offense under the Code, a person must send or deliver to some person a letter or other writing expressing or implying or adapted to imply a threat:

"1. To do an unlawful injury to the person or property of the individual threatened, or to any relative of his, or member of his family; or,

"2. To accuse him, or any relative of his, or member of his family, of any crime; or,

"3. To expose, or impute to him or them, any deformity or disgrace; or,

"4. To expose any secret affecting him or them" (Pen Code, § 519), with intent to extort any money or other property from another.

The letter which the defendant is charged with having sent to Clune contains a threat to expose his disgrace in such a way as to ruin his character and business relations unless he withdraws his appeal in a certain specified case.

Assuming, as we do, that the right to take and prosecute an appeal is property within the meaning of the Code, it follows that a threat made for the purpose of inducing an appellant to dismiss an appeal is a threat made with intent to extort property from another.

But the point upon which respondent's counsel seems to rely more than upon any other is that the letter does not purport to be signed by respondent, and the information does not show that he sustained any relation whatever to the firm whose name is subscribed to the letter, or to any member thereof. That is true. But the Code makes it a crime to send or deliver a letter containing such threats with the intent to extort money or other property from another, " whether subscribed *or not*," and respondent is distinctly charged in the information with having sent this letter with that intent. Whether he did or not is a question of fact. There is nothing upon the face of the letter which contradicts the charge that he did *send* it. If it were necessary to charge that he *wrote* it, the objection that it appears on its face to have been written by some one else would, doubtless, require some further averments in the information.

As the law stands, we think that the charge that the respondent sent a letter containing a threat to expose the disgrace of another, with the felonious intent charged, is sufficient, and that the demurrer should be overruled.

Judgment reversed, with directions to the Superior Court to overrule the demurrer, and permit the defendant to plead to the information.

MORRISON, C. J., McKINSTRY, J., ROSS, J., and MYRICK, J., concurred.