## BANKRUPTCY.

[Circuit Court of Cuyahoga County.]

JOSHUA K. EXLINE ET AL v. JAS. T. SARGENT ET AL.

Decided, November 6, 1901.

*Bar of a Discharge in—Does Not Include Judgment—For Alienation of Wife's Affections—Purpose of the Exceptions in the Bankruptcy Act—Claims Not Subject to Release.*

The exception found in Section 17 of the Bankruptcy Act of 1898, providing that there shall be no release from a judgment "for willful and malicious injuries to the person or property of another," includes a judgment for alienation of the affections of a wife, and a discharge in bankruptcy is not a bar to such a claim.

MARVIN, J.; HALE, J., and CALDWELL, J., concur.

Heard on error.

This is a proceeding in error brought to reverse the judgment of the court of common pleas of this county in a case in which the plaintiffs in error were plaintiffs and the defendants in error were defendants.

The plaintiff, Exline, recovered a judgment in the sum of six thousand dollars against the defendant, Sargent, in the court of common pleas on or about June 26, 1900, an undivided one-half of which judgment he assigned to the plaintiff, Ong. Execution was issued upon such judgment, which was returned wholly unsatisfied; whereupon these plaintiffs brought their action against the defendant, Sargent, and numerous others, it being alleged in the petition that the other defendants had in their hands or under their control certain property of Sargent liable to be applied to the satisfaction of this judgment; the purpose of the proceeding being to have such property subjected to the payment of the judgment.

To this petition the defendant, Sargent, answered and among other defenses made in such answer is the averment that by proceedings duly had in the United States District Court for the Northern District of Ohio, the defendant, Sargent, was discharged in bankruptcy on November 3, 1900. And then this allegation is made:

"That the claim of plaintiff in his petition filed in the cause in which said judgment was rendered and entered, was as follows: 'That while the said plaintiff and his wife were living happily together, all of which the defendant well knew, the defendant (James T. Sargent) wrongfully intended to injure plaintiff and deprive him of the society and services of his wife, and maliciously poisoned the mind of his said wife against this said plaintiff  *  *  *  defendant maliciously enticed her away from plaintiff and caused said wife to lose the affection and love which she once sustained to plaintiff. That he so alienated the affections of said wife for this plaintiff that this plaintiff's wife applied for legal separation and obtained it on October 10, 1898. ' * * * That by reason of the premises above set forth, he has been wrongfully deprived of the affections, society and services of his wife.' ''

This allegation of the answer was not denied by the plaintiffs and upon motion by the defendants for judgment on the pleading the court gave judgment in their favor.

On the part of the plaintiffs in error it is urged that the discharge in bankruptcy pleaded did not operate to relieve the bankrupt from liability upon the judgment upon which the claim in the present case is founded.

Section 17 of the bankruptcy act provides, so far as it applies to this case, that—

"A discharge in bankruptcy shall release a bankrupt from all his provable debts except such  *  *  *  (2) Are judgments in actions  *  *  *  for willful and malicious injuries to the person or property of another."

Unless the claim of the plaintiffs comes within the exception contained in the foregoing quotation from the statute, the discharge in bankruptcy operated to release Sargent from liability thereon.

Numerous authorities are cited in support of the proposition that a husband may have an action against him who seduces his wife from him, and it is urged that because of this, one is injured in his property when the wife is so enticed away.

It is not always true that one has property in that for injury to which an action may be maintained; that is to say, one may have a right of action for an infringement of his rights where

no property is involved. If this were not true, the language of the bankrupt act itself, where it excepts from the debts of which the bankrupt is relieved by his discharge malicious injuries to the property and to the *person* of another, would be tautological, because certainly one has a right of action against another for injuries to his person, and yet Congress after using the word "property" adds the word "person," clearly showing that there might be injury to one's *person* for which an action could be maintained which would not be an injury to his *property*.

On the other hand, it is urged that *property* can never be separated from *things;* that strictly the word "property" means only *the ownership in things and not the things themselves,* but that, in its true sense, it includes no more than things; and it is, therefore, urged that there can be no property right invaded by the seduction of a wife.

An examination of the authorities, however, shows that many courts of last resort have held the word "property" to have a broader meaning.

In *O'Hara* v. *Stack,* 90 Pa. St., 477, it is held that the profession of a priest is property. This was in an action where a bishop of the Roman Catholic Church had, in violation of the laws of the church, prohibited a priest of the church from exercising his ministerial functions in the diocese.

In *People* v. *Harry Cadman,* 57 Cal., 562, it is held that the right to appeal to a higher court from the judgment of a lower court is property; and this was a criminal action, in a case where Cadman was prosecuted for having sent a letter to one Clune which contained a threat to expose him to disgrace if he did not withdraw an appeal which he had taken in a case which had been decided against him. The statute under which the prosecution was had, made it an offense to send a threatening letter "with intent to extort any money or other property from another." And the court held, as already said, that this offense was committed by the sending of such letter with intent to prevent the party from taking his appeal.

The language used in the opinion, at page 564, is:

"Assuming, as we do, that the right to take and prosecute an appeal is property within the meaning of the code, it follows that a threat made for the purpose of inducing an appellant to dismiss an appeal is a threat made with intent to extort property from another."

It is urged further on behalf of the defendant in error, that the judgment from the payment of which it is claimed that discharge in bankruptcy released Sargent, was not an injury to his person; and, strictly speaking, this is true; yet in *Delamater* v. *Russell,* 4 How. Pr., 234, it is held that an action for criminal conversation with the plaintiff's wife was an injury to the person of the plaintiff. In the opinion, this language is used:

"Section 179 authorizes the arrest of a defendant 'in an action for the recovery of damages, on a cause of action not arising out of contract, where the defendant is not a resident of this state, or is about to remove therefrom, or where the action is for an injury to *person* or *character*,' * * * I think the act complained of was an injury to the *person* of the plaintiff. It was an invasion of his personal rights. The action was brought for depriving the plaintiff of the comfort, society, fellowship, aid and assistance of the wife."

Again, this language is used:

"It is not supposed that it was the intention of the Legislature to excuse from imprisonment judgment debtors in actions for *crim. con.,* seduction of a daughter, or beating of a servant; and subject defendants to imprisonment in all other actions for wrong; nor does the statute, in my opinion, demand any such construction. On the contrary, I think the language employed is used in its established legal signification, and though it might have been more explicit, covers the class of actions in question."

In *Tute* v. *James,* 46 Ver., 60, 63, this language is used: "The person consists of both soul and body." It certainly may be well urged that one's mind is subjected to great anguish and thereby injured by the seduction of his wife, and, if that which causes mental suffering is an injury to the person, then this judgment was clearly for an injury to the person of the plaintiff.

*In re Freche,* 109 Fed. Rep., 620, decided in the District Court

of the United States for the District of New Jersey on June 3, 1901, it was held that:

"A judgment recovered in a court of New Jersey for seduction of the plaintiff's minor daughter, which must be based on loss of services but also includes damages for personal injuries to the plaintiff through being subjected to mental anguish, disgrace, etc., is one for a 'willful and malicious injury to the person or property of another,' within the meaning of the seventeeth section of the bankrupt act."

See also the case of 4 Cush., 408.

It may be that it is a somewhat strained construction of words to say that the judgment sought to be enforced in this action was for a malicious injury to either the person or the property of the plaintiff, and yet it can hardly be supposed that it was the intention of Congress to except from the operation of the discharge in bankruptcy those judgments obtained for a malicious assault upon one's person or a malicious destruction of one's chattels, and not except such an injury as that for which *this* judgment was obtained.   Doubtless  the real purpose of the exception was not to relieve the bankrupt from those debts which were the result of *his own malicious and willful wrongdoing;* and the language used must have been .intended for that purpose, and intended to include all such debts.   If the claim made by the defendant in error is sound, then the bankrupt would be relieved from any judgment obtained against him for the killing of the plaintiff's wife, for it could be urged in *that* case with as much plausibility as in *this,* that no injury had been done either to the person or the property of the husband.

We conclude, therefore, that the judgment sought to be enforced in this action comes within the exception expressed in the words "willful and malicious injury to the person or property of another," within the meaning of the bankrupt act; and the judgment of the court of common pleas is reversed.

*W. C. Ong,* for plaintiffs in error.

*E. J. Blandin* and *Ed. S. Meyer,* for defendants in error.