## COMMONWEALTH *vs.* LAFAYETTE CARPENTER.

Threatening to complain to a police officer against a man for committing a crime is indict-
able as a threat to accuse him of it.

An indictment on the Gen. Sts. *c.* 160, § 28, for maliciously threatening to complain to a
police officer against a man for committing adultery, with intent to extort money from
him, is sustained by proof that the defendant found him on a bed with a woman, and
after some conversation about their committing adultery took his promissory note for
fifty dollars, and threatened to have him arrested for adultery if it should not be paid in
three days.

INDICTMENT on the Gen. Sts. *c.* 160, § 28, averring that the
defendant on February 20, 1871, at Worcester, "knowingly, wil-
fully and maliciously did verbally threaten George P. Martin to
accuse him, the said Martin, of having committed the crime and
offence of adultery, by words then and there knowingly, wilfully
and maliciously spoken of and to the said George P. Martin, sub-
stantially as follows: 'I will enter a complaint against you to the
city marshal for committing the crime of adultery with Julia F.
Williams, unless you pay me fifty dollars;' with intent thereby,
then and there, knowingly, wilfully and maliciously to extort
money from the said George P. Martin."

In the superior court, before the jury were empanelled, *Dewey,*
J., overruled a motion of the defendant to quash the indictment
"because the words set out therein as having been spoken by the
defendant do not of themselves amount to a threat to accuse one
of a crime, or a threat to take preliminary steps or means neces-
sary to cause a person to be proceeded against for a criminal
offence."

At the trial, there was evidence tending to show that during
the evening of February 20, 1871, the defendant entered a bed-
room in his house, which was occupied by Julia F. Williams as a
lodger, and there found her and Martin upon the bed; and that
some conversation occurred between the three, relating to the
commission of adultery by Martin with her, which resulted in his
taking Martin's promissory note for $50.

" The defendant contended that the note was given by Martin
voluntarily, that the defendant should not complain of Martin for
an alleged adultery. The government contended that the note

was extorted from Martin by threats of said accusation; **and** that, after the note was given and delivered, the defendant said to Martin that if the note was paid in three days it would be all right, if not, he would have him arrested for adultery. The defendant requested the judge to rule that, if this was the threat the defendant made, it would not support the charge contained in the indictment. The judge refused so to rule; but instructed the jury that, if the defendant made it with intent thereby to extort money from Martin by compelling him to pay the amount of the note, that would be sufficient and would authorize a conviction." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*F. A. Gaskill,* (*G. F. Verry* with him,) for the defendant. 1. Threatening to complain to a police officer that a man has committed a crime is not a threat to accuse him of the crime, within the meaning of the Gen. Sts. *c.* 160, § 28.

2. Proof of threatening to have a man arrested for a crime does not sustain an averment of a threat to accuse him of it.

3. A threat uttered by the holder of a promissory note, voluntarily made, to compel the maker to pay it, is not a threat uttered to extort money from him, within the meaning of the Gen. Sts. *c.* 160, § 28. *Commonwealth* v. *Murphy,* 12 Allen, 449.

*C. Allen,* Attorney General, for the Commonwealth, cited *Whitney* v. *Smith,* 13 Pick. 364; *Rex* v. *Hill,* Russ. & Ry. 190.

AMES, J. It appears to us that there was no substantial variance between the allegation and the proof. The indictment does not purport to set out the exact words in which the threat was expressed. The note was given because Martin had been discovered in an equivocal or suspicious position, and was upon no other consideration. If in that state of things the defendant said to Martin " I will have you arrested for adultery unless you pay this note in three days," he must have conveyed the same idea as if he had used substantially the words set out in the indictment. A man who says that he will enter a complaint for a crime must be understood to mean that he will take the first step for the commencement of a criminal prosecution with its ordinary incidents; and when the crime in question is adultery

the arrest of the party accused is a part of the regular course of proceeding. · It is none the less an attempt to extort money by threats, because the party had been induced to give his note for the sum in question ; and there is nothing to show that the discovery, the conversation, the delivery of the note, and the utterance of the threat, were not all parts of the same transaction. An indictment, charging that "the defendant on," &c., "at," &c., "knowingly, wilfully and maliciously did verbally threaten George P. Martin, to accuse him, the said Martin, of having committed," &c., "by words then and there knowingly, wilfully and maliciously spoken of and to the said George P. Martin, substantially as follows," &c., is not open to objection on the ground that it does not sufficiently allege a malicious threatening of another, by words spoken by the defendant, or that it does not charge that the defendant threatened that he would make such accusation. *Exceptions overruled.*