## STATE *vs.* GEORGE H. ROBINSON.

### Knox.    Opinion December 14, 1892.

*Indictment.    Pleading.    Extortion by threats.    R. S., c. 118, § 23.*

In an indictment under the statute which makes it a criminal offense to verbally threaten to accuse a person of some crime or offense for the purpose of extorting money from such person, it is sufficient to allege in a general way that the threat was to accuse the complainant of the offense of assault and battery, made for the purpose of extorting money from him, the words of the threat being set out in the indictment; although the words do not, of themselves import an accusation of such an offense and facts are not, specially alleged which would supply the deficiency. It will be enough that the proof accords with the allegation.

It is not enough, however, to merely aver that the respondent threatened to accuse and prosecute the complainant. There must be an averment that the threat was to accuse the complainant of some criminal offense.

ON EXCEPTIONS.

The court having overruled the defendant's demurrer to the indictment, found below in the opinion, he excepted to the ruling of the court. It was stipulated that, if the demurrer should be overruled, the defendant might plead over and the indictment stand for trial.

*W. R. Prescott*, County Attorney, for the State.
*J. F. Libby*, for defendant.

PETERS, C. J, The statute applicable to this case, eliminated of its inapplicable portions, would read as follows : " Whoever verbally, maliciously threatens to accuse another of a crime or offense, with intent thereby to extort money from him, shall be punished," &c.

There are two counts in the indictment as follows :

"The Grand Jurors for said State upon their oath present, that George H. Robinson, of Rockland, in said county of Knox,

laborer, on the twentieth day of November, in the year of our Lord one thousand eight hundred and ninety-one, at Rockland aforesaid, in the county of Knox aforesaid, unlawfully and maliciously did verbally threaten one James Harrington to accuse and prosecute him, the said James Harrington, of having committed the crime of assault and battery upon him, the said George H. Robinson, with the intent thereby ·to extort money from said James Harrington, in words following, to wit: 'If you don't pay me twenty-five dollars before the December court I will put you four years in State prison. I have hired two doctors to go against you and paid them well for it.'

"And the Jurors aforesaid, upon their oath aforesaid, do further present, that the said George H. Robinson, afterwards, to wit, on the twentieth day of November in the year of our Lord one thousand eight hundred and ninety-one, at Rockland aforesaid in the county aforesaid, unlawfully, corruptly and extorsively did verbally demand of said James Harrington the sum of twenty-five dollars and did then and there threaten to accuse and prosecute said James Harrington with the intent thereby to extort money from said James Harrington, in words following, to wit: 'If you don't pay me twenty-five dollars before the December court I shall make complaint against you and will put you four years in the State prison. I have hired two doctors to go against you and pay them well for it.'

"Against the peace of said State and contrary to the form of the statute in such case made and provided."

The first count specifies the offense which the defendant threatened to accuse the complainant of. The second count does not state what offense the threat applied to, leaving the words uttered to speak for themselves on that point. Objection is made, upon general demurrer to the indictment, that the words alleged to have been spoken do not of themselves import that the complainant was to be accused of the offense of assault and battery, and that no facts are alleged proof of which would supply the deficiency.

We think the first count sufficient. It is a matter where considerable generality of allegation is permissible. The same rule

of strictness does not apply as in actions or indictments for libel, a class of prosecutions not very much favored by the law. The gist of the present offense is the malicious threat made to extort money. The defendant is notified of his utterances that are relied on, and also of the nature of the accusation which he has threatened to make. If more particularity of averment than this be required, the purposes of the statute would be defeated in many instances of criminal threats. The intimated accusation is often couched in vague and evasive terms, and may depend for its meaning on a variety of circumstances which cannot be easily alleged. Or the threat may be of a general character, indicating not the accusation of any particular crime or offense, but an accusation of some offense or other. This is the view of the statute and prosecutions under it, taken by the court in Massachusetts where indictments more general than this one · have been sustained. *State* v. *Murphy*, 12 Allen, 449 ; *Com.* v. *Carpenter*, 108 Mass. 15 ; *Com.* v. *Dorus, Idem*, 488 ; *Com.* v. *Moulton, Idem*, 307 ;

We think the second count should be adjudged bad. It leaves too much for inference and implication. It should be directly averred that the threat was to accuse of some crime or offense, whether the same be particularized or not. The count fails in that respect. It avers that the threat was to accuse and prosecute the complainant, but does not aver that it was a threat to accuse him of any particular offense or of any offense whatever.

*Demurrer overruled.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, ·JJ., concurred.