### STATE OF MAINE *vs.* FRED M. BLACKINGTON.

### Knox. Opinion November 5, 1913.

*Allegations. Counts. Exceptions. Extortion. Indictment. Motion. Threats.*

This is an indictment charging extortion, based on Revised Statutes, chapter 119, section 23.

1. The gravamen of the charge contained in this statute is an intent to extort money, and the threat is the manner in which this is to be accomplished.

2. In this indictment, it is alleged that the respondent verbally, did feloniously and maliciously threaten to accuse one Hewett of the crime of selling intoxicating liquor, with intent to extort money.

3. The indictment in this case is held to be sufficient, as it specifically alleged the offense charged and apprised the respondent of what he was accused.

4. The form of the language in which the threat was made is not material. If required to be set out, it might defeat the very purpose of the statute. The statute never intended the words should be alleged as in the case of a libel or slander.

On exceptions by the defendant. Exceptions overruled.

This is an indictment in which it is alleged that Fred M. Blackington, at Rockland, on March 26, 1913, verbally did feloniously and maliciously threaten to accuse one E. L. Hewett of the crime of selling intoxicating liquor, with intent thereby to extort money from

said Hewett.  The defendant was tried on said indictment at the April Term, 1913, of the Supreme Judicial Court for the County of Knox, and the jury rendered a verdict of guilty.  The defendant thereafter, before judgment in said case, filed a motion in arrest of judgment in said case.  The Justice presiding denied said motion, and the defendant excepted to said denial.

The case is stated in the opinion.

*Philip Howard,* County Attorney, for the State.

*M. A. Johnson,* for respondent.

SITTING: SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

SPEAR, J.  This case involves an indictment charging extortion and comes up on exceptions.  The indictment contained two counts. But the first count only is in question, and reads as follows: "The Grand Jurors for said State upon their oath present that Fred M. Blackington, of Rockland in the County of Knox, and State of Maine, on the 26th day of March, 1913, at Rockland, in said County of Knox, verbally did feloniously and maliciously threaten to accuse E. L. Hewett of a certain crime, to wit: the crime of selling intoxicating liquor, in violation of law, with intent thereby to extort money from him the said E. L. Hewett."

After a verdict of guilty the respondent through his counsel filed a motion in arrest of judgment for the following causes: "First, because the first count in the indictment upon which the respondent was placed on trial does not set out either the exact words of the respondent or the substance of the words used by him, and that said count does not conform to the requirements of the law.  Second, because under the indictment, as framed and returned, it is insufficient under the law to charge him with the offense alleged, as required by law, and that he was not bound to answer to said indictment."  This count was evidently drawn under R. S., chapter 119, section 23, which provides.  "Whoever, verbally, or by written or printed communication maliciously threatens to accuse another of a crime or offense, or injures his person or property, with intent thereby to extort money or to procure an advantage from him . . . shall be punished," etc.  The gravamen of the charge contained in this statute is an intent to extort money.  The threat is the

manner in which this is to be accomplished. We think the present indictment is sufficient. It specifically alleged the offense charged, and apprised the respondent of what he was accused—an intent to extort money. It definitely alleged the crime threatened, and informed him of what it consisted—selling intoxicating liquors. The respondent, under this indictment was made fully aware of the charges he was required to meet. The form of the language, in which the threat was made, is not material. If required to be set out, it might defeat the very purpose of the statute. There might be a variety of expressions in which an ingenious mind could convey threats without using any definite phraseology. Yet, they would be effective, if sufficient to so impress the mind of the person threatened as to accomplish the end in view. The statute never intended the words should be alleged as in the case of libel or slander. The language in which the threat is made was intended as a matter of proof and not of pleading. The respondent is not charged with libel or slander, but with a threat to accuse of a certain offense. The question is not whether his language is libelous, but whether, whatever the form of expression, it contains a malicious threat to accuse of the offense charged. It, therefore, seems clear that the interpretation of the language used, in conveying an alleged threat, is a question of fact for the jury. If, regardless of its form, it is sufficient to prove the threat, then the offense threatened is established. If the language is insufficient, then the proof fails.

This, however, is but a restatement of the view expressed in *State* v. *Robinson,* 85 Maine, 195. This case involved an indictment for extortion and the count in the indictment which was held to be good is so analogous to the count under consideration that it may be regarded as a precedent. In this case it was held: "We think the first count sufficient. It is a matter where considerable generality of allegation is permissible. The same rule of strictness does not apply as in actions or indictments for libel, a class of prosecutions not very much favored by the law. The gist of the present offense is the malicious threat to extort money. The defendant is notified of his utterances that are relied on, and also of the nature of the accusation which he has threatened to make. If more particularity of averment than this be required, the purpose of the statute would be defeated in many instances of criminal threats.

See cases cited." *Commonwealth* v. *Moulton, et al.,* 108 Mass., 308, is a case in which it is specifically held: "The precise words of the threat need not be set out. It is enough if the substance is stated. If the indictment attempted to give the words used, yet it would only be to prove the allegation substantially. The gist of the offense is the intent to extort money by a malicious threat to accuse of some crime. The words used do not constitute the offense without the accompanying intent to extort." The language of the indictment in this case will be found to be very similar to the language in the indictment before us.

The respondent further contends that the indictment sets out no offense, inasmuch as an allegation in the indictment "with intent to extort money" is not sufficient because "a more specific designation than the mere generic term is required in the description of money." Upon this contention the respondent cites many cases with reference to indictments charging the larceny of money. But extortion and larceny are entirely distinct offenses. The former offense is a charge of a threat to accuse of a crime to extort money. It is not money that the defendant has already taken, the amount and denomination of which may be known; it is money which he seeks to obtain, the amount and denomination of which is unknown, and may be a matter of indifference to him, unless too small. It would seem to be impossible to penetrate the defendant's mind and determine just what kind of money would be satisfactory to him under a threat of extortion. If the indictment alleged that he wanted gold, he might testify that he wanted silver; if it alleged that he wanted bank notes, he might reply that he would take only greenbacks; and as it would be impossible to furnish any proof except his own statement as to the kind of money which he sought to extort, it is evident that the contention of the defendant upon this point—if carried into effect—would absolutely nullify the statute.

Without further comment, if precedents were required, we think *State* v. *Robinson* and *Commonwealth* v. *Martin,* supra, are sufficient to establish the sufficiency of the indictment. The exceptions to denying the motion in arrest of judgment must be overruled.

EXCEPTIONS TO THE EXCLUSION OF TESTIMONY.

During the course of the trial, the respondent, who in March was elected to the board of aldermen and duly qualified, claimed that

rumors of graft, carried on by the previous city government, had been circulated throughout the city; that he pledged himself if elected, to stop the graft and close up the places of vice; that as soon as elected he proceeded to fulfil his promises; that in consequence of this action the police committee and "rum sellers framed up this complaint" to stop his efforts in closing them up and on the question of intent and to show that the complaint was a frame up, the respondent offered the following evidence in cross-examination of Frank C. Norton, chairman of the police committee, regarding his relations with E. L. Hewett, who, the exceptions claim, "was by his own confession at one time in the business. Q. You knew the E. L. Hewett Company, didn't you? A. I did. Q. Did you make any search down there? THE COURT: Excluded. Q. You know their business? THE COURT: Excluded. We are not trying this man.

It was further claimed that it was the duty of the respondent, being an alderman, to see that something was done with reference to the enforcement of the law, as he was elected for that purpose, "and that Mr. Norton knew that that is the cause of this complaint in here." Upon this contention by counsel quite a number of questions were put and excluded.

It was further claimed that the respondent, upon the question as to whether his acts were malicious and made with intent to extort money, "had a right to show all the facts" and offered evidence of statements made by the respondent to a witness, which was excluded on the ground that it was self-serving. The testimony offered was clearly of this character. To the offer and exclusion of the testimony upon each of these contentions exceptions were taken and allowed. The ruling of the presiding Justice upon all these questions was clearly within the rule of the elementary law of evidence, and must be sustained.

*Exceptions overruled.*