STATE *vs.* NAPOLEON E. MARTEL.

Androscoggin.    Opinion May 23, 1925.

*An indictment based upon a charge of unlawfully and carnally knowing and abusing a female child under fourteen years of age, under R. S., Chap. 120, Sec. 16, charging that the offense was committed on "the fourth day of November in the year of our Lord one thousand nine hundred and twenty-three and on divers other days and times between that day and the day of the finding of this indictment" is sufficient.*

In the instant case the crime alleged is not a continuing offense, and the continuando may be treated as surplusage and rejected, since a single offense is charged as committed on a day certain and the continuando in itself being insufficient as an allegation of a separate offense creates neither duplicity nor repugnancy.

Furthermore, even if the indictment were defective because of duplicity, that objection cannot be raised by motion in arrest of judgment.

On exceptions.    Respondent was indicted for assault upon a female under fourteen years of age, and found guilty by a jury, and, before judgment, filed a motion in arrest of judgment, basing his motion upon the grounds that the indictment did not set forth any offense known to the law in any legal or sufficient manner, and that

further it was bad for duplicity. The motion was overruled and exceptions taken by respondent. Exceptions overruled. Judgment for the State.

The opinion states the case.

*Clement F. Robinson, Deputy Attorney General and James A. Pulsifer, County Attorney,* for the State.

*Frank T. Powers,* for the respondent.

SITTING: CORNISH, C. J., PHILBROOK, MORRILL, WILSON, STURGIS, BARNES, JJ.

STURGIS, J. The respondent was convicted of unlawfully and carnally knowing and abusing a female child under fourteen years of age, contrary to R. S., Chap. 120, Sec. 16. His motion in arrest of judgment having been overruled by the trial Judge, his exceptions to that ruling are before this court.

The indictment charges the offense as having been committed on "the fourth day of November in the year of our Lord one thousand nine hundred and twenty-three and on divers other days and times between that day and the day of the finding of this indictment." It is to the inclusion of this continuando that the respondent addresses his attack upon the indictment.

The crime charged is not a continuing offense. Each perpetration of the act is a distinct and separate offense, and the inclusion of a continuando in the statement of the charge is neither necessary nor in accord with proper pleading. Such inclusion, however, is not fatal to the indictment. A single offense is sufficiently charged as committed on the 4th day of November, 1923. The continuando then added, since it does not state any particular day on which an offense was committed, is insufficient as an allegation of a separate offense. *State* v. *O'Donnell,* 81 Maine, 271; *State* v. *Beaton,* 79 Maine, 314. Hence, there is no duplicity or repugnancy, and by the weight of authority, the continuando may be treated as surplusage and rejected, leaving the offense stated with that degree of certainty which the law requires. *Dansey* v. *State,* 23 Fla., 316; *Cook* v. *State,* 11 Ga., 53; *State* v. *Briggs,* 68 Ia., 416; *State* v. *Nichols,* 58 N. H., 41; *People* v. *Adams,* 17 Wend, (N. Y.), 475; *State* v. *Thompson,* 31 Utah, 228; 1 Bishops New Criminal Procedure, Sec. 388, 31 C. J., 747.

Duplicity as a ground of arrest, even were it tenable, is not now open to the respondent. His objection that this indictment is bad for duplicity cannot be made by motion in arrest of judgment. *State* v. *Derry*, 118 Maine, 431.

> *Exceptions overruled.*
> *Judgment for the State.*

CORNISH, C. J., sat at argument and participated in consultation, but, owing to retirement, does not join in the opinion.