STATE OF MAINE *vs.* GEDEON VALLEE.

Androscoggin.    Opinion, April 9, 1940.

*Edward J. Beauchamp*, County Attorney.

*Armand A. Dufresne, Jr.*, Assistant County Attorney (on the brief), for the State.

*Berman & Berman* (Lewiston, Maine),

*Adrian A. Cote*, for respondent.

SITTING: DUNN, C. J., STURGIS, THAXTER, HUDSON, MANSER, JJ.

BARNES, C. J.   To three indictments against the respondent, general and special demurrers were filed and overruled. The cases come forward on one record on exceptions with right to plead anew.

The first indictment is in three counts. The first count alleges the acceptance of a promise to pay money as a bribe. The other two allege the actual acceptance of money bribes.

The second indictment is for extortion.

The third indictment is for cheating by false pretenses.

In all, forty-three causes of demurrer are assigned to the various indictments, but several are abandoned.

All three cases arise from circumstances under which a janitor was appointed for the county building in Androscoggin County. The respondent is a County Commissioner, and it is alleged by the State that, for his instrumentality in securing the appointment and

retention of one St. Pierre as janitor, he received his promise and the subsequent payment of $5 per week as a bribe. The indictments for extortion and cheating by false pretenses have to do with the acts and conduct of the respondent in procuring the payment of money from St. Pierre.

Although in some instances, the same or similar objections were raised to the various counts, counsel for the defense, perhaps with propriety, have treated each count and each indictment separately. Counsel for the State have arranged the causes of demurrer in groups, and the Court, in considering the questions raised, finds it advantageous to follow such groupings. The bribery indictment is as follows:

"The jurors for said state upon their oath present that Gedeon Vallee, of Lewiston, in the County of Androscoggin, on December 31, 1934, at said Lewiston, in the County of Androscoggin, was a duly and legally elected and qualified executive officer, to wit, a County Commissioner, for the County of Androscoggin; that as such County Commissioner, he, the said Gedeon Vallee, was then and there by law charged with the management and control of the Androscoggin County Building, located at Auburn, in said County of Androscoggin, and especially with the selection and appointment of suitable persons to act as janitors and otherwise in the care, maintenance, and upkeep of said buildings; that he, the said Gedeon Vallee, on said December 31, 1934, at said Lewiston, was promised by one Alfred St. Pierre a certain sum of money, to wit, the sum of five dollars per week during said time as said Alfred St. Pierre would be acting as janitor in said Androscoggin County Building as aforementioned, the said Alfred St. Pierre having then and there, to wit, at Lewiston, on said December 31, 1934, the full knowledge that the said Gedeon Vallee was a duly and legally elected and qualified Commissioner for the County of Androscoggin, and having the intent to influence the action of the said Gedeon Vallee, in the matter of the selection and appointment of a janitor in said Androscoggin County Building, a matter which was to come legally before him, the said Gedeon Vallee, in his official capacity as County Commissioner for the

said County of Androscoggin ; that the said Gedeon Vallee, on said December 31, 1934, at said Lewiston, perverting the trust reposed in him, feloniously did accept, agree and consent to said promise of the said Alfred St. Pierre, to wit, feloniously did agree to receive from the said Alfred St. Pierre the sum of five dollars per week, during said time as said Alfred St. Pierre would be acting as janitor in said Androscoggin County Building as aforementioned, the said Gedeon Vallee, having then and there, to wit, at said Lewiston, on said December 31, 1934, the intent to comply with said acceptance and agreement, and having then and there, to wit, at said Lewiston, on said December 31, 1934, the intent, under the influence of the said promise by the said Alfred St. Pierre as aforesaid, to vote for the said Alfred St. Pierre as janitor in the said Androscoggin County Building as aforementioned, a matter which was to come legally before him, the said Gedeon Vallee, in his official capacity against the peace of said State, and contrary to the form of the statute in such case made and provided.

"The jurors for said state upon their oath further present that Gedeon Vallee, of Lewiston in the County of Androscoggin, on December 31, 1934, at said Lewiston, in the County of Androscoggin, was a duly and legally elected and qualified executive officer, to wit, a County Commissioner, for the County of Androscoggin; that as such County Commissioner, he, the said Gedeon Vallee, was then and there by law charged with the management and control of the Androscoggin County Building, located at Auburn, in said County of Androscoggin, and especially with the selection and appointment of suitable persons to act as janitors and otherwise in the care, maintenance, and upkeep of said building ; that he, the said Gedeon Vallee, on said December 31, 1934, at said Lewiston, was promised by one Alfred St. Pierre a certain sum of money, to wit, the sum of five dollars per week, during said time as said Alfred St. Pierre would be acting as janitor in said Androscoggin County Building as aforementioned, the said Alfred St. Pierre having then and there, to wit, at Lewiston, on said December 31, 1934, the full knowledge that the said Gedeon Vallee was a duly and legally elected and qualified

Commissioner for the County of Androscoggin, and having the intent to influence the action of the said Gedeon Vallee, in the matter of the selection and appointment of a janitor in said Androscoggin County Building, a matter which was to come legally before him, the said Gedeon Vallee, in his official capacity as a County Commissioner for the County of Androscoggin; that the said Gedeon Vallee, on said December 31, 1934, at said Lewiston, perverting the trust reposed in him, feloniously did accept, agree, and consent to, said promise of the said Alfred St. Pierre, to wit, feloniously did agree to receive from the said Alfred St. Pierre, the sum of five dollars per week, during said time as said Alfred St. Pierre would be acting as janitor in said Androscoggin Building as aforementioned, the said Gedeon Vallee having then and there, to wit, at said Lewiston, on said December 31, 1934, the intent to comply with said acceptance and agreement, and having then and there, to wit, at said Lewiston, on said December 31, 1934, the intent, under the influence of the said promise by the said Alfred St. Pierre as aforesaid, to vote for the said Alfred St. Pierre as janitor of the Androscoggin County Building aforementioned, a matter which was to come legally before him, the said Gedeon Vallee, in his official capacity; that, on January 2, 1935, at Auburn, the said matter aforementioned did come legally before the said Gedeon Vallee, in his official capacity as County Commissioner for the said County of Androscoggin, and that the said Alfred St. Pierre was legally selected and appointed janitor in said Androscoggin County Building; that the said Alfred St. Pierre, on January 12, 1935, and on divers other days and times between that day and the time of the finding of this indictment, while he, the said Alfred St. Pierre, was acting as janitor in said Androscoggin County Building, did give to the said Gedeon Vallee, a certain sum of money, to wit, the sum of five dollars, and the said Gedeon Vallee, then and there, to wit, on said January 12, 1935, and on divers other days and times between that day and the time of the finding of this indictment, perverting the trust reposed in him, feloniously did receive said sum of money, the sum of five dollars, in pursuance of said corrupt agreement existing between him, the said

Gedeon Vallee, and the said Alfred St. Pierre, against the peace of said State, and contrary to the form of the statute in such case made and provided.

"And the Jurors for said state upon their oath further present that Gedeon Vallee, of Lewiston, in the County of Androscoggin, on January 12, 1935, at Auburn, in the said County of Androscoggin, was a duly and legally elected and qualified executive officer, to wit, a County Commissioner for said County of Androscoggin; that as such County Commissioner, he, the said Gedeon Vallee, was then and there by law charged with the management and control of the Androscoggin County Building, located at said Auburn, in said County of Androscoggin, and especially with the selection and appointment of suitable persons to act as janitors and otherwise in the care, maintenance, and upkeep of said building; that he, the said Gedeon Vallee, on said January 12, 1935, and on divers other days and times between that day and the time of the finding of this indictment, at said Auburn, perverting the trust reposed in him, feloniously did accept a certain sum of money, to wit, the sum of five dollars from one Alfred St. Pierre; the said Gedeon Vallee, under the influence and in consideration of said payment of money by the said Alfred St. Pierre, having the intent, then and there, to keep by his vote, the said Alfred St. Pierre, in the employment of the County of Androscoggin, as janitor, when the matter of selecting and appointing janitors in the Androscoggin County Building might legally come before him, the said Gedeon Vallee, in his official capacity as County Commissioner for the County of Androscoggin, against the peace of said State, and contrary to the form of the statute in such case made provided."

All three counts are objected to as being ambiguous, uncertain, indefinite, vague and obscure, and particularly, that uncertainty exists as to whether each count is drawn under R. S., Chap. 133, Sec. 5 or Sec. 6.

Further, Counts 1 and 2 are alleged to be bad for duplicity as attempting to set forth the crime of bribery under Sec. 5 and the crime of corrupt solicitation under Sec. 6. Sec. 5 is applicable to executive, legislative or judicial officers. Sec. 6 applies to persons

not included in the preceding section. Counsel recognize that the indictment in all counts alleges the respondent to be an executive officer, and acknowledge that the allegations bring it clearly within Sec. 5, but then assert that Counts 1 and 2 allege only the acceptance of a promise, and that such acceptance is not a criminal act under the provisions of Sec. 5, while it is under Sec. 6.

The determination of whether the acceptance of a promise as here alleged is a criminal act, is made plain by a·consideration of the statute as originally enacted and since condensed in later revisions. In R. S. 1840, Chap. 158, Secs. 6 and 7, the provisions as to bribery are set forth in separate paragraphs, first, as to bribery by the giver, and second, as to bribery by the taker. The two sections were combined in the revision of 1857. The section with reference to bribery by the taker, as it originally read, was:

"Sect. 7: If any executive, legislative or judicial officer shall corruptly accept any valuable consideration or gratuity whatever, or *any promise to make the same,* or to do any act beneficial to such officer, under the agreement, or with the understanding, that his vote, opinion, decision or judgment, shall be given in any particular manner, or upon a particular side of any question, cause or other proceeding, which is, or may, by law, be brought before him in his official capacity, or that, in such capacity, he shall make any particular nomination, or appointment," etc. (Prescribing punishment.)

Under the present statute as condensed, "whoever gives, offers or promises to an executive . . . officer . . . or does, offers or *promises to do any act beneficial* to such officer," is guilty of bribery, and "whoever accepts such bribe or *beneficial thing,* in the manner and for the purpose aforesaid," is likewise guilty of bribery. The revision of the statute in 1857 by condensation, did not change its original effect. There is nothing to show such a legislative intention. *Hughes* v. *Farrar,* 45 Me., 72; *Densmore* v. *Hall,* 109 Me., 438, 84 A., 983; *State* v. *Holland,* 117 Me., 288, 104 A., 159; *Tarbox* v. *Tarbox,* 120 Me., 407, 115 A., 164. The law, originally and now, intends to condemn, not only the actual acceptance of bribe money, but the acceptance of a promise to pay such money in order to induce corrupt action by an official.

All counts in the first indictment are drawn under Sec. 5, but one crime is charged, and there is no duplicity.

Another analogous cause of demurrer is to the effect that Count 1 did not set forth any crime, contention being that an agreement to accept money to be paid in the future is not a crime. This might have been included in the former category, but a further point is made that there was no allegation of a promise of value. The charge that the respondent accepted the promise to pay him $5 per week as a bribe, is the acceptance of a "bribe or beneficial thing." Again, it is unnecessary to enlarge, as the point is fully covered above.

Two assigned causes of demurrer object that in Count 1 there is no allegation of a specific intent on the part of the respondent to accept a bribe or beneficial thing with intent that his action, vote, opinion or judgment be influenced.

In the opinion of the Court, the pleader took extreme care to link together the acceptance of a bribe with the corrupt intention that respondent's action would be influenced thereby. The statute as to a bribe taker provides that:

"Whoever accepts such bribe or beneficial thing, in the manner and for the purpose aforesaid."

The "manner and purpose" refer to the preceding portion of the section with reference to the bribe giver, which provides:

"Whoever . . . does, offers or promises to do, any act beneficial to such officer, with intent to influence his action, vote, opinion or judgment," etc.

The indictment charges that the respondent "did accept, agree and consent to, said promise of the said Alfred St. Pierre . . . having then and there, to wit, at said Lewiston, on said December 31, 1934, the intent to comply with said acceptance and agreement, and having then and there . . . the intent, under the influence of the said promise by the said Alfred St. Pierre as aforesaid, to vote for the said Alfred St. Pierre as janitor." Nothing is left to implication or intendment.

The respondent directs another cause of demurrer to each one of the three counts in the bribery indictment. It is, in effect, that there is failure to allege a mutual intention on the part of the giver and

taker of the bribe. It is true that, in some jurisdictions, the act of at least two persons is essential to bribery, and it must be proved that the minds of the two concur. 8 Am. Jur., Bribery, Sec. 10, citing *People* v. *Peters*, 265 Ill., 122, 106 N. E., 513, and the annotation in 52 A.L.R., 821. Generally speaking, however, under bribery statutes there need not be mutual intent on the part of both the giver and the accepter. It is enough that the person accused had the guilty intent. 8 Am. Jur., Bribery, Sec. 6. The historical background of our statute shows that originally the crime of bribery by the giver and the accepter was defined in two separate sections. In each, the corrupt intent on the part of the person accused, is a necessary element, but guilt is not made to depend upon the mutual intent of both parties. The interpretation of similar statutes is well illustrated in *Commonwealth* v. *Murray*, 135 Mass., 530, and under a statute similar to ours, the court in *Minter* v. *State* (Tex.), 159 S. W., 286 at 302, states the rule:

"The guilt of an accused is not measured by the intent of another, but by his own intent."

The charge here is against the accepter and his intent is specifically and definitely alleged. The allegations of intent in the giver may furnish an aid to a better understanding of the charge against the accepter, but are not necessary or vital.

Similarly, four other causes of demurrer are based upon the same contention that the intent of the bribe giver, while couched in the language of the statute, is stated in generic terms, and does not allege the manner in which it was intended to influence the action of the respondent. These causes are directed to all three counts of the indictment. They have already been sufficiently considered in the preceding paragraph, and are found to be without merit.

A specific cause of demurrer to the second count of the indictment, challenges the efficacy of the pleading with reference to the payment of the sum of $5 on January 12, 1935, and its receipt by the respondent "in pursuance of said corrupt agreement existing between him, the said Gedeon Vallee, and the said Alfred St. Pierre." It is asserted that this is not a sufficient allegation of criminal intent. This count sets up, first, the acceptance of a promise made on December 31, 1934, of $5 per week as a bribe for official action to be

taken by the respondent in favor of the giver for his appointment as janitor; second, that on January 2, 1935, the respondent, corruptly motivated by this promise and its acceptance, was instrumental in procuring such appointment. The crime alleged against the respondent is thereby sufficiently set forth. The rest of the count amounts to a statement that the respondent received the fruits of his corrupt act. If it were necessary to rely upon definite averment of criminal intent in connection with the receipt of the money, the objection would have merit. Such intention is not clearly and distinctly alleged. The respondent under the pleadings is not called upon to answer to the charge of a distinct crime occurring on January 12, 1935. That portion of the count is to be regarded as a description of facts connected with, but subsequent to, the crime charged.

Further objection is made that three dates are set forth in Count 2, rendering indefinite and obscure the time of the commission of the criminal act. December 31, 1934, is the date alleged that the respondent accepted the promise of the bribe. January 2, 1935, is the date alleged when he fulfilled the terms of the bribe offer and its acceptance. These have relevancy. They refer to separate specific acts connected with the crime and leave no uncertainty as to time, of which the respondent can complain. As above stated, the date of January 12, 1935, merely describes the time when the first money was paid.

In connection with allegations referring to acts occurring on January 12, 1935, Count 2 of the indictment continues:

> "And on divers other days and times between that day and the time of the finding of this indictment, while he, the said Alfred St. Pierre, was acting as janitor in said Androscoggin County Building, did give to the said Gedeon Vallee a certain sum of money, to wit, the sum of five dollars."

It is objected that this allegation of time is set forth by way of continuando, and the crime alleged is not in its nature a continuous one. We have pointed out that the averment with reference to the occurrences of January 12, 1935, and thereafter are not to be regarded as allegations of a distinct crime. It becomes unnecessary, therefore, to consider the use of the continuando in connection with

that date. In any event, the objection is without avail. The rule has been stated in *State* v. *Martel*, 124 Me., 359, 129 A., 226, 227, that when the crime is not a continuing offense, it must be charged as committed upon a definite day. The inclusion of a continuando is neither necessary nor in accord with proper pleading. Such inclusion, however, is not fatal to the indictment, for as held in the last cited case:

> "By the weight of authority, the continuando may be treated as surplusage and rejected, leaving the offense stated with that degree of certainty which the law requires."

All causes of demurrer to the three counts of the bribery indictment are found to be without merit, and the indictment is adjudged sufficient.

The second indictment is for extortion, as follows:

> "The jurors for said state upon their oath present that Gedeon Vallee, of Lewiston, in the County of Androscoggin, on January 12, 1935, and on divers other days and times between that day and the time of the finding of this indictment, at Auburn, in the County of Androscoggin, verbally, maliciously did threaten one Alfred St. Pierre to injure the property of the said Alfred St. Pierre, to wit, the contract of employment between the said Alfred St. Pierre and the County of Androscoggin, with intent thereby to extort a certain sum of money, to wit, the sum of five dollars, from him, the said Alfred St. Pierre, against the peace of said State, and contrary to the form of the statute in such case made and provided."

This indictment is evidently drawn under R. S., Chap. 129, Sec. 22.

> "Extortion, in its general sense, signifies any oppression by color of right; but technically it may be defined to be the taking of money by an officer, by reason of his office, either where none is due, or where none is yet due." 3 Wharton, Criminal Law, 11th Ed., Sec. 1895.

Two objections as to allegation of specific time and as to the use of continuando in the indictment, were likewise raised against the bribery indictment, and are based upon the same grounds and for

the reasons heretofore given, are found to be without merit.

The respondent further complains that the allegation of a threat "to injure the property of Alfred St. Pierre, to wit, the contract of employment between the said Alfred St. Pierre and the County of Androscoggin," does not set forth any crime, upon the ground that such contract of employment is not property. It is true, the nature and terms of the employment are not elaborated. The gist of the crime lies, not in the nature of the threat, but in the intent to extort money. *State* v. *Robinson*, 85 Me., 195, 27 A., 99; *State* v. *Blackington*, 111 Me., 229, 88 A., 726. A contract of employment, even though terminable without notice, still, while existing, furnishes to the employee his means of livelihood. The courts have recognized that the right to contract for one's labor, the right to one's employment free from unwarranted interference, is a sacred property right. It was held in *Perkins* v. *Pendleton et al.*, 90 Me., 166, 38 A., 96, that, if a person wrongfully procures the discharge of a servant from his employment, which, but for such wrongful interference, would have continued, he is liable to damages. This principle is affirmed in *Taylor* v. *Pratt*, 135 Me., 282, 195 A., 205. The allegation that the property intended to be injured was a contract of employment, is sufficiently particular. In *State* v. *Robinson*, supra, in the first count of an indictment, the threat alleged was to accuse and prosecute the said J. H. of having committed the crime of assault and battery upon him, the said G. H. R. The Court held:

"We think the first count sufficient. It is a matter where considerable generality of allegation is permissible. The same rule of strictness does not apply as in actions or indictments for libel, a class of prosecutions not very much favored by the law. The gist of the present offense is the malicious threat made to extort money."

The holding of the Court in the above case, and also in *State* v. *Blackington*, supra, negatives the further objection raised by the respondent that the indictment is defective for the reason that it does not set forth the manner in which the respondent was to injure the property of Alfred St. Pierre. Essentially, complaint is that the language used, indicating how the threat was to be accom-

plished, is not set forth. In *State* v. *Blackington*, supra, cited by counsel, on both sides, the Court held:

"The form of the language, in which the threat was made, is not material. If required to be set out, it might defeat the very purpose of the statute. . . . The statute never intended the words should be alleged as in the case of libel or slander."

We hold, as applicable to the present case, the further ruling in *State* v. *Blackington*, supra:

"The gravamen of the charge contained in this statute is an intent to extort money. The threat is the manner in which this is to be accomplished. We think the present indictment is sufficient. It specifically alleged the offense charged, and apprised the respondent of what he was accused — an intent to extort money."

Finally, objection is made that, although the indictment follows the language of the statute, it alleges only a conclusion not setting forth any act which the respondent threatened to do. This contention has already been fully answered and is without merit. The indictment for extortion is found to be sufficient.

The third indictment against the respondent is for cheating by false pretenses. It is drawn under R. S., Chap. 138, Sec. 1. So far as it is necessary to consider the allegations of the indictment, it, in effect, charges that for the purpose of inducing Alfred St. Pierre, an employee of the County of Androscoggin, to pay him the sum of $5, the respondent, falsely pretending that in his capacity as a County Commissioner, he had the "individual right and authority to release the said Alfred St. Pierre from his contract of employment with the County of Androscoggin," and thereby St. Pierre was deceived and induced to pay said sum to retain his job.

Counsel for the respondent present but two of the six causes of demurrer originally assigned. Granting that the false pretense, if made, was morally inexcusable, contention is that the misrepresentation alleged is one of domestic law and not of fact. The principle is generally accepted by the authorities that, under existing statutes as to cheating by false pretenses,

"It is made indictable to obtain money or goods from individuals by any designedly false statements of facts likely, under the particular circumstances of the case, to deceive." Wharton, Criminal Law, 11th ed., Vol. 2, Sec. 1393.

Under the title, "Misrepresentation as to Matters of Law," 22 Am. Jur., False Pretenses, Sec. 17, we find:

"The crime of false pretense, as it exists under modern statutes, may be committed by a misrepresentation. On the theory that a misrepresentation as to a matter of law cannot constitute remedial or actionable fraud, it has been held that a misrepresentation relating to a matter of law does not constitute the crime of false pretenses."

In the civil action of *Thompson* v. *Ins. Co.*, 75 Me., 55, it was held that:

"If the declarations of the agent of the insurance company are regarded as statements of the law of insurance, of the legal conditions on which the right of recovery in such cases depends, they are not actionable, though false."

In *State* v. *Jamison*, 186 S. W. (Mo.), 972, the Court said:

"Coming back to the question of false pretenses, we are impelled to hold that no felony can be committed in this state by falsely or mistakenly representing the domestic law to be that which it is not. . . . This conclusion is in line with the rule in other jurisdictions even in civil cases, wherein the rule against pretenses of the sort here under discussion ought to be more strictly construed against the tort-feasor than in a criminal case."

In *Fish* v. *Cleland*, 33 Ill., 237, is found the following:

"A representation of what the law will or will not permit to be done, is one upon which the party to whom it is made has no right to rely and if he does so, it is his own folly, and he cannot ask the law to relieve him from the consequences. The truth or falsehood of such a representation can be tested by ordinary vigilance and attention. It is an opinion in regard to the law, and is always understood as such."

The County Commissioners derive their powers and duties entirely from the statutes. *Selectmen of Ripley, Aplts.*, 39 Me., 350; *Prince* v. *Skillin*, 71 Me., 361; *Inh. of Belfast, Aplts.*, 52 Me., 529.

Revised Statutes, Chap. 92, provides for a board of County Commissioners for each county, consisting of a chairman and two other citizens, resident in the county. Section 5 provides for regular sessions of the board. Section 7 provides that two Commissioners shall constitute a quorum. The person alleged to have been deceived is charged with knowledge that there are three County Commissioners, that they must act as a board, that no individual member has a right to make decisions respecting matters under the jurisdiction of the board; that separate, unauthorized or unconfirmed action of one is without legal effect. The indictment contains no allegation that the County Commissioners had undertaken to delegate to the respondent the right and authority to determine, according to his own judgment, whether the employment of St. Pierre should be continued or terminated. The averment is simply "that he *had* the individual right and authority to release the said Alfred St. Pierre." The respondent is entitled to know, not by implication or intendment, but by direct averment, whether he is accused of misrepresenting the law or of misstating a fact. As set out in the indictment, it is limited to a misstatement of the law.

The indictment for cheating by false pretenses is held to be insufficient.

> In Case 2665, *all counts in indictment for bribery adjudged good. Exceptions overruled.*
>
> In Case 2666 *indictment for extortion adjudged good. Exceptions overruled.*
>
> In Case 2667, *indictment for false pretenses adjudged bad. Exceptions sustained.*

(DUNN, C. J., having deceased, did not join in this opinion.)