**958**

YORK COUNTY BOARD OF
REALTORS, et al.

v.

YORK COUNTY COMMISSIONERS.

Supreme Judicial Court of Maine.

Argued Oct. 4, 1993.
Decided Nov. 15, 1993.

William S. Kany (orally), Smith, Elliott, Smith & Garmey, Saco, for plaintiff.

Michael P. Cantara, Dist. Atty., David Gregory (orally), Alfred, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

The York County Commissioners appeal from a temporary restraining order issued by the Superior Court (York County, *Delahanty, C.J.*) enjoining the closing of the offices of the York County registries of deeds and probate. The Commissioners argue that closure of those offices is within their authority and a reasonable response to the level of public funding provided by the legislature. Finding that the Court did not err in granting injunctive relief, we affirm.

The York County Commissioners voted to close all county offices for one week in order to furlough county employees in response to a perceived budget cut. For the 1993 calendar year, the legislature approved a county budget which included an increase of over half a million dollars but was approximately $91,000 less than the Commissioners requested. The Commissioners represented to the York County legislative delegation that a $91,000 "cut" would require closing the county courthouse for at least one week. The legislature approved the budget, and on June 16 the Commissioners voted to close the county courthouse for the week of August 23–27, 1993.

On August 17, 1993, plaintiffs, the York County Board of Realtors and Doreen Parsons, a prospective home buyer, filed suit against the Commissioners, seeking an order "temporarily restraining and preliminarily and permanently enjoining them from closing the York County Registry of Deeds and York County Probate Court and office" during the week of August 23–27. On August 19, the Superior Court granted plaintiffs' motion for a temporary restraining order. The Commissioners filed this appeal and requested that the Superior Court stay the temporary restraining order pending appeal. The Superior Court denied the request for a stay. Having denied the Commissioners' subsequent request for a stay in this Court, we granted their request for an expedited hearing.

Initially, plaintiffs argue that the Commissioners' appeal is interlocutory and should be dismissed. Under our final judgment rule, we typically will not review an interlocutory order unless the case falls within a recognized exception. In *Bar Harbor Banking & Trust Co. v. Alexander*, 411 A.2d 74, 77 (Me.1980), we recognized an exception to the final judgment rule where the lower court issued an injunction barring an executive agency from taking action. There the Superior Court had issued a temporary restraining order enjoining the Bureau of Consumer Protection from holding a public hearing. *Id.* at 75. "To avoid [disrupting the administrative process] and to safeguard the separation of powers," we heard the appeal. *Id.* at 77. The Superior Court order in the present case similarly interferes with another governmental entity, as the Commissioners' action in this case was an executive decision to close county offices. We entertain this

appeal from an interlocutory order to ensure that interference with the functioning of another branch of government is given prompt review.

■ Additionally, the issues raised by the appeal do not require further factual development. Plaintiffs argue that the Commissioners acted without authority in ordering the closing of the registries of deeds and probate. If the Commissioners had no such authority, further factual development is unnecessary. Thus the judicial economy exception to the final judgment rule is also applicable here. This exception "is appropriately used when 'review of a non-final order can establish a final, or practically final, disposition of the entire litigation,' and the interests of justice require that immediate review be undertaken." *Department of Human Services v. Lowatchie*, 569 A.2d 197, 199 (Me. 1990) (*quoting State v. Maine State Employees Ass'n*, 482 A.2d 461, 465 (Me.1984)). In the present case we allow the appeal because a decision on the merits, in one alternative, will effectively end this dispute. Finally, justice requires prompt review so that the Commissioners, who are barred from deficit spending, can, if necessary, take other measures to remain within their budget.

The Commissioners also raise a procedural point and argue that the complaint should have been dismissed for failure to comply with the time requirements of Rule 80B. Plaintiffs respond that review under Rule 80B was neither available nor adequate and that the complaint states a valid claim for collateral review of the Commissioners' action.

■ Rule 80B provides a procedure for review of government action "[w]hen review by the Superior Court, whether by appeal or otherwise, ... is provided by statute or is otherwise available by law." M.R.Civ.P. 80B. Review in the present case is not provided by statute. Review is "otherwise available by law" for the purposes of Rule 80B when it was previously available by means of the common law writs of prohibition, mandamus, or certiorari. *Lyons v. Board of Directors*, 503 A.2d 233, 236 (Me.1986); *Bolduc v. Androscoggin County Comm'rs*, 485 A.2d 655, 657 (Me.1984); *Colby v. York County*

*Comm'rs*, 442 A.2d 544, 547 (Me.1982). When review is available by statute or is "otherwise available by law," Rule 80B provides the exclusive procedure unless it would be inadequate to prevent irreparable injury to plaintiff. *Colby*, 442 A.2d at 547. In that case, the plaintiff may pursue a collateral attack. *See Fisher v. Dame*, 433 A.2d 366, 371–72 (Me.1981).

■ Regardless whether any of the common law writs would issue here, the complaint is a proper collateral attack on the Commissioner's action. In *Fisher*, 433 A.2d at 374, we noted three types of cases where collateral attack is appropriate. One such situation is presented here, "where the case involves a complex course of executive and legislative conduct by [state and county] officials as to which a remedy is impossible through ... subsequent direct judicial review." *Id.* (*citing Walsh v. City of Brewer*, 315 A.2d 200 (Me.1974)). In *Walsh*, the case was remanded to determine whether the plaintiff had sufficient standing. 315 A.2d at 211. Here, however, plaintiffs allege a particular injury from a generally applicable decision and have in their affidavits demonstrated sufficient interest to fulfill the standing requirement. Plaintiff Doreen Parsons states that the closing would delay her purchase of a house, thereby temporarily barring her children's attendance at public school. The president of the York County Board of Realtors states that the delay will bar some real estate transactions, thereby causing financial injury to members of the Board. Such evidence is sufficient to demonstrate the standing necessary to support a collateral attack on the Commissioner's decision to close the registries of deeds and probate.

Finally, we address the merits. The Commissioners argue that the decision to close the registries of deeds and probate was within their power and was a reasonable response to the level of funds provided by the legislature. Plaintiffs argue that the Commissioners have no authority to close the registries and that, in any event, the decision was unreasonable.

The county is obligated to provide registries of deeds and probate for the public. The register of probate and probate judge are constitutionally created offices. *See* Me. Const. art. VI, § 6.[1] The probate judge has duties created by statute which cannot be altered by the Commissioners. *See* 4 M.R.S.A. §§ 301–311 (1989 & Supp. 1992). The statutes also require that the "[p]robate court shall always be open ... except upon days on which by law no court is held." 4 M.R.S.A. § 303 (1989). Similarly, the statutes implicitly require that a registry of deeds be provided to the public. *See, e.g.,* 33 M.R.S.A. § 652 (Supp.1992) (the commissioners shall provide suitable storage in the register's office for recorded plans).

In granting the temporary restraining order, the Superior Court considered the effect of 30–A M.R.S.A. § 103 (Pamph.1992), which states in relevant part:

> The county commissioners may establish reasonable office hours for offices in the county buildings. County offices, in the discretion of the county commissioners, may be closed in part or in whole on Saturdays.

The legislative history demonstrates that the "reasonable office hours" provision gives county commissioners no authority to close the registries. When an earlier version of the statute was amended to authorize county commissioners to close the office of the clerk of courts on Saturdays during the summer, the legislature included an emergency preamble, stating that the amendment was "necessary" to "permit the closing of the county offices of clerk of courts." P.L.1955, ch. 236. The history of other amendments also supports plaintiffs' interpretation.

The Commissioners, whose authority is wholly derived from statute, *State v. Vallee*, 136 Me. 432, 446, 12 A.2d 421 (1940), have cited no other authority for their action. Because section 103 does not authorize the Commissioners to close the registries of deeds and probate, they exceeded their authority and were properly enjoined. We ad-

dress only the closure of the registries. We have no occasion to consider the Commissioners' authority to determine the level of staffing in county offices or their authority to furlough employees.

The entry is:

Judgment affirmed.

All concurring.

---

1. While the Legislature repealed this section in 1967, the repeal does not take effect until "such time as the Legislature by proper enactment shall establish a different Probate Court system with fulltime judges." *See* note following M.R.S.A. Me. Const. art. VI, § 6 (1985). This has not yet occurred.